BOWLES, Administrator, Office of Price Administration, v. HOWELL REALTY CO.

Civ. No. 349.

District Court, D. Delaware.

April 4, 1945.

John P. Le Fevre, District Enforcement Atty., of Dover, Del., and Robert C. Barab, Enforcement Atty., of Wilmington, Del., for plaintiff.

Caleb R. Layton, 3d (of Hastings, Stockly and Layton), of Wilmington, Del., for defendant.

LEAHY, District Judge.

The complaint, seeking injunctive relief, alleged that defendant, engaged in the business of renting houses and apartments in the city of Wilmington, violated the provisions of the Rent Regulations for Housing by renting a specified apartment at $55 per month in the face of an order of the Area Rent Director of the Delaware Defense Rental Area which fixed the rent at $50 per month. The answer set up the defense that the order was unfair. Plaintiff moved for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Defendant thereupon consented to the entry of judgment in plaintiff's favor; but, due to disagreement, the parties were heard on the form of the injunctive decree.

Defendant contended the injunction should be limited in scope to either the particular apartment involved or, at most, the particular apartment dwelling wherein the particular apartment was located. Plaintiff submitted a form of decree enjoining overceiling rentals of any of defendant's "housing accommodations for which maximum rents are established by the Rent Regulation for Housing."

The court is of opinion that plaintiff is entitled to an injunction prohibiting all violate acts of the kind specified in the complaint and either proved or admitted. Where a defendant admits the rental of a particular property at an overceiling rate, to effectuate the purposes of Sec. 205(a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix § 925 (a), the injunction should not be limited to the particular property, but it should be broad enough to cover any of defendant's properties so that with the contempt processes in mind the defendant at bar will not, in the future, violate the Act again with Pickwickian nonchalance.

An order in accordance with the foregoing has been entered.