**BOWLES, Administrator, OPA, v. LUSTER et al.**

No. 11074.

Circuit Court of Appeals, Ninth Circuit.
Jan. 31, 1946.

George Moncharsh, Deputy Adm'r, for Enforcement, OPA, David London, Chief, Appellate Branch, and Karl E. Lachmann, Atty., OPA, all of Washington, D. C., H. Eugene Breitenbach, Dist. Enforcement Atty., and Wm. U. Handy, Litigation Atty., both of Los Angeles, Cal., Herbert H. Bent, Reg. Litigation Atty., of San Francisco, Cal., and A. M. Dreyer, Atty., OPA, of Washington, D. C., for appellant.

Samuel A. Miller and Abe F. Levy, both of Los Angeles, Cal., for appellees.

Before MATHEWS, BONE, and ORR, Circuit Judges.

ORR, Circuit Judge.

We will refer to the appellant herein as the "Administrator" and to the appellees as the "Lusters".

The Lusters have been engaged in the wholesale furniture business in Los Angeles, Cal., since 1942. The Administrator brought an action in the District Court for the Southern District of California alleging that the Lusters had violated the General Maximum Price Regulation,[1] issued by the Administrator under the Emergency Price Control Act, as amended,[2] (a) by failing to keep the records required by section 12, (b) by failing to compute their maximum prices as required by section 2 of the regulation, and (c) by failing to make the reports required by section 3(a) of the regulation. An injunction was asked forbidding a continuance of the alleged violation.

[1] 7 Fed.Reg. 3153.

[2] 56 Stat. 23, 50 U.S.C.A. § 901 et seq.

The court found that the Lusters had violated the regulations by failing to prepare and keep the records required, and by failing to determine the maximum prices for the commodities sold by them in accordance with the rules and formulas prescribed by the regulation,[3] and entered judgment permanently enjoining the Lusters "from selling, delivering, transferring or offering to sell, deliver or transfer commodities at prices in excess of the prices permitted by the General Maximum Price Regulations as heretofore or hereafter amended, or any other regulation promulgated by the Office of Price Administration governing the maximum prices" of said commodities and further permanently enjoining them "from doing or omitting to do any other act in violation of the General Maximum Price Regulation as heretofore or hereafter amended. * * *"

On motion of the Lusters the court struck from the judgment the words "or hereafter amended or any other regulation promulgated by the Office of Price Administration governing the maximum prices", and substituted for the words "as heretofore or hereafter amended" the words "in effect at the time of filing this action."

In the decision on the motion to modify the judgment the trial court said to enforce the original would be "to compel defendants [the Lusters] to be bound by any future regulation, which would deprive the defendants of their day in court, and would be a denial of the right of the defendants if the court found that in good faith they should be permitted to attack a regulation before the Emergency Court of Appeals." The Administrator appeals from the judgment as amended and argues that an injunction compelling obedience to a price regulation to embrace future amendments to, or substitutions for, the regulation is necessary in order to prevent the Lusters from violating provisions of the regulations which may be strengthened or made more stringent in the future, and, further, that the judgment as finally entered would require the Lusters to obey certain provisions of the regulations which may be relaxed, and thus prove unfair to them as well as the govern-

ment. In opposition the Lusters insist that the trial court, in entering its amended judgment, acted within its discretion and therefore this court should not disturb its finding.

 We conclude from a reading of the reasoning of the trial court in announcing the amendment of the original judgment that it acted under the belief that as a matter of law the Lusters would be prevented from contesting in the Emergency Court of Appeals the validity of any future changes which might be made as to price control and thus be deprived of their day in court in the event the original order was allowed to stand. We do not agree. Two methods are available by which the validity of the Administrator's orders and regulations may be tested in the courts. Under the first, protest may be made to the Administrator. If a party be aggrieved by denial or partial denial of his protest he may file a complaint in the Emergency Court of Appeals for the purpose of having the regulation or order set aside. This method of testing the validity of regulations and orders of the Administrator is granted as of right.[4] The second method permits defendants against whom criminal proceedings have been brought charging violations of regulations issued under the act to apply for leave to challenge, in the Emergency Court of Appeals, the validity of the provisions they are alleged to have violated.[5] It is true the latter method could not be used by the Lusters in the event the Administrator initiated contempt proceedings against them for violation of the injunction since such proceedings would not be brought pursuant to the required sections of the act.[6] The second method was intended by Congress to be used only in rare cases.[7] The first method would always be available whether or not the injunction forbids violation of future amendments to or substitution for the price regulation. The injunction should be broad enough so that "in the nature of things [it] contemplates the enforcement as against the party enjoined of a rule of conduct for the future as to the wrong to which the injunction relates."[8] To accomplish this the injunction need not be as broad as contended for by

[3] See note 1.

[4] 50 U.S.C.A.Appendix §§ 923, 924 (a–d); Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339.

[5] 50 U.S.C.A.Appendix § 924(e); Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834.

[6] Taub v. Bowles, Em.App., 149 F.2d 817.

[7] United States v. Aronin, D.C., 57 F. Supp. 186.

[8] Bitterman v. L. & N. R. Co., 207 U.S. 205, 227, 28 S.Ct. 91, 52 L.Ed. 171, 12 Ann.Cas. 693.

**384**

the Administrator, yet it cannot be accomplished if restricted to the provisions contained in the amended judgment.

█ We conclude that the injunction should enjoin against future violations of new or amended price regulations issued by the Administrator but be limited to new or amended price regulations of the same kind and character as those found to have been violated in the past. We feel that such a restriction will permit the Lusters to operate with the knowledge of what they must do in order to conform, at the same time permitting the Administrator to enforce the "act" within the aims and purposes for which it was enacted.

The judgment is modified to conform to the views herein expressed and, as thus modified, is affirmed.