**WOODS, Housing Expediter, v. WITZKE.**

**No. 10797.**

United States Court of Appeals
Sixth Circuit.

May 11, 1949.

On Rehearing June 17, 1949.

Benjamin I. Shulman, of Washington, D. C. (Ed Dupree, Hugo V. Prucha, and Benjamin I. Shulman all of Washington, D. C., on the brief), for appellant.

Ed Witzke, in pro. per.

Appellee not represented.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

Upon a complaint that the appellee, owner of housing accommodations in Detroit, exacted from the tenant rents in excess of the maximum legal rate, the appellant sought restitution to recover $291, being the total amount of the over-charges collected, also a judgment for $78 as treble damages for the excess collected within the year preceding the filing of the complaint,

and a permanent injunction enjoining the appellee from demanding and receiving excess rents. The appellee failed to answer and was defaulted. The judgment granted the injunction and awarded the Expediter statutory damages. It was silent as to the prayer for restitution.

While the amounts here involved are negligible the Expediter appeals to avoid the creation of a precedent. We have no means of knowing why the district court failed to grant restitution. If it was in doubt as to its power that doubt is now resolved by our decision in Bowles v. Skaggs, 6 Cir., 151 F.2d 817, and Porter v. Warner Holding Co., 328 U.S. 395, 66 S. Ct. 1086, 1090, 90 L.Ed. 1332. Restitution which lies within the equitable jurisdiction of the court is consistent with and differs greatly from the damages which may be awarded under § 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 925(a). As the court said in Porter v. Warner Holding Co., supra, "Future compliance may be more definitely assured if one is compelled to restore one's illegal gains; and the statutory policy of preventing inflation is plainly advanced if prices or rents which have been collected in the past are reduced to their legal maximums."

While a one year period of limitation is established in respect to statutory treble damages by § 205(e) this provision is not applicable to equitable restitution sought under § 205(a). Co-Efficient Foundation, Inc., v. Woods, 171 F.2d 691; Blood v. Fleming, 10 Cir., 161 F.2d 292. An appeal to the equity jurisdiction of federal district courts is, of course, an appeal to the sound discretion which guides the determination of courts of equity, Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754, 5 Cir., but the principle that governs the exercise of the court's jurisdiction is that "a court of equity will order one to do what in good conscience he should do," Blood v. Fleming, supra [161 F.2d 296]; and "courts must act primarily to effectuate the policy of the Emergency Price Control Act and to protect the public interest while giving necessary respect to the private interests involved." Porter v. Warner Holding Co., supra.

The award of treble damages must necessarily have been based upon a finding that the violation was wilful. That being so it would seem that the court, in the exercise of a sound discretion, should have granted restitution to the full amount of the excess rent collected. We are of the view, however, that the Expediter may not have both restitution and statutory damages. While in the usual case the latter will be the stronger deterrent, that is not so here. The cause is reversed and remanded to the district court for the entry of a judgment in the sum of $291 with interest from the date of the original judgment. The decree for injunction is not disturbed.

It is so ordered.

## On Petition for Rehearing.

### PER CURIAM.

In our decision announced May 11, 1949, upon an appeal by the Housing Expediter from a judgment for three times the amount of over-charges for rent paid to the landlord by the tenant within the year, the judgment being silent as to the prayer of the Expediter for restitution, we directed the entry of a judgment for restitution of the full amount of the overcharges, without reference to statutory limitation, with interest from the date of the original judgment. We observed, however, that the Expediter was not entitled to both restitution and statutory damages. The petition for rehearing challenges the validity of this statement.

The issue was not, upon this point, briefed, and the position of the Expediter was not too clearly presented in argument. Upon consideration of the authorities now cited by the Expediter we are convinced that our conclusion that restitution and statutory damages were irreconcilable was erroneous. We said in Bowles v. Skaggs, 6 Cir., 151 F.2d 817, 821, that "An order of restitution is not a judgment for damages or for penalties", and the reasoning there advanced was approved by the Supreme Court in Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 1091,

90 L.Ed. 1332, where it was said, "Restitution, which lies within that equitable jurisdiction, is consistent with and differs greatly from the damages and penalties which may be awarded under § 205(e)." See also Cobleigh v. Woods, 1 Cir., 172 F. 2d 167. It results, therefore, that there is no incongruity between the award of statutory damages and restitution. The one is a penalty for violation of the statute and the rent control regulation, and the other is an award for the benefit of the tenant.

The direction for mandate contained in our decision is amended and the mandate will be recalled, and when recalled will provide that the district court is directed to enter a judgment for restitution in the amount of $291 with interest from the date of original judgment, and the further amount of $78 as treble damages for the excess collected within the year preceding the filing of the complaint.

It is so ordered.