UNITED STATES OF AMERICA, Plaintiff and Appellant, *v.* ISAÍAS RODRÍGUEZ MORENO ET AL., Defendants and Appellees.

No. 10622. Argued May 1, 1952.—Decided May 26, 1952.

---

*Antonio Rivera Brenes* for appellant. *Luis Blanco Lugo* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Relying on the Federal Housing and Rent Act of 1947,[1] as amended, the United States of America, represented by the National Housing Expediter, applied to the District Court of Puerto Rico, San Juan Section, for an "injunction and treble damages." The complaint substantially alleges that the defendant Rodríguez Moreno is the owner of an apartment building located in Río Piedras; that the rent of apartment No. 23 thereof is controlled by the aforesaid Act, the maximum legal amount of which is $60 per month; that despite being aware that said amount represents the maximum rent of that apartment, said defendant, through his administrator and agent, on purpose and in bad faith, leased it on July 1, 1950, to Juan Lorenzo Rodríguez under a month-to-month contract and demanded and received from the latter $69 per month; that the aforesaid tenant occupied said apartment on the date mentioned and has paid $207 as rent corresponding to July, August and September; and that the defendants obstinately and repeatedly insist in collecting the rent of the above-mentioned apartment at the rate

---

[1] 61 Stat. 193, 50 U.S.C. App. (Supp. III) §§ 1881 *et seq.* Section 206 of that Act recites:

"(a)(1) It shall be unlawful for any person to demand, accept, receive, or retain any rent for the use or occupancy of any controlled housing accommodations in excess of the maximum rent prescribed under this Act, or otherwise to do or omit to do any act, in violation of this Act, or of any regulation or order or requirement under this Act, or to offer, solicit, attempt, or agree to do any of the foregoing."

"(b) Whenever in the judgment of the President (the original Section said Housing Expediter) any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of this Act, or any regulation or order issued thereunder, the United States may make application to any Federal, State, or Territorial court of competent jurisdiction for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

of $69 monthly, notwithstanding that they are personally aware that the maximum legal rent thereof is as aforesaid. Plaintiff prays that the complaint be granted: (1) decreeing a permanent injunction against the defendants restraining them from violating in any manner whatsoever the Federal Housing and Rent Act; (2) ordering them to refund to the tenant the amount of $207 as rent overcharge; and (3) ordering them to pay as damages three times the amount charged in excess during the above-mentioned period. It was further requested that by virtue of a preliminary injunction the defendant be enjoined from continuing to violate the Federal Housing and Rent Act and Regulations, pending final decision of the request for a permanent injunction.

The defendants answered admitting that the first-mentioned defendant owns the building in question as well as that on July 1 said defendant leased the said apartment to Juan Lorenzo Rodríguez for a $69 monthly rent and that they have given him receipts for that amount covering the months from July to September of that year. And as special defenses they contended that the lower court lacks jurisdiction to entertain the action for treble damages; that the complaint fails to state facts constituting a cause of action; that the plaintiff has not exhausted the administrative proceedings; that the maximum legal rent that the defendants may charge for the apartment amounts to $69 per month inasmuch as seasonably and in accordance with the Act the $60 original rent was increased 15 per cent by virtue of a written contract voluntarily entered into by them and the former lessee, Antonio Chávez; that they have acted in good faith and that the local officials of the Office of the Housing Expediter instituted this action as an act of retaliation upon the defendant Rodríguez Moreno. In a separate writing they also moved for the dismissal of the petition for a preliminary injunction.

After a pre-trial conference, during which documentary

evidence, admitted in part and in part rejected by the court, was offered, as well as the oral testimony of a witness for the plaintiff,[2] the court issued a preliminary writ of injunction directing the defendants, their agents, employees and any other persons acting on their behalf, "to refrain either jointly or separately from violating the provisions of the Federal Housing and Rent Act and Regulations as regards the rent of apartment No. 23 occupied by Juan Lorenzo Rodríguez or any other person in the apartment building located in 1001 Muñoz Rivera Street of Río Piedras, Puerto Rico; from collecting any amount in excess of $60 monthly as rent for said apartment, until otherwise decided by the Housing Expediter, under pain of contempt if in any way the defendants violate the terms of this preliminary injunction."

Several days later the plaintiff filed a "Motion Requesting that the Preliminary Injunction Be Amended and Submitting the Case for the Permanent Injunction." After stating that the lower court had granted a preliminary injunction in connection with the rent of apartment No. 23, it was alleged therein that an error had been involuntarily committed when drawing up the judgment since the plaintiff understood that the court had intended that the preliminary injunction decree be drafted as expressed in the opinion, "namely, enjoining the defendants from violating the provisions of the Federal Housing and Rent Act and Regulations and not confining its order to apartment No. 23," and the case was submitted as to the permanent injunction sought. The defendants objected to the first part of that motion. A few days later the court overruled the petition for amendment and set the permanent injunction for hearing. It then issued a permanent injunction against the defendants, but still limiting it to the aforesaid apartment.[3]

---

[2] This is disclosed by the record before us.

[3] The permanent injunction was issued on the basis of the evidence previously submitted to the court.

The plaintiff appealed and claims that the lower court erred: (1) in limiting the injunction to apartment No. 23 and (2) in altogether ignoring plaintiff-appellant's claim as to the refund and/or payment of treble damages.

■ A superficial reading of the complaint convinces us that plaintiff's purpose was that the injunction to be issued should not be limited to apartment No. 23, but one enjoining defendants from violating in any manner whatsoever the provisions of the Federal Housing and Rent Act. As to this there is not the least doubt. However, the plaintiff limited his evidence to the defendants' collecting rent in excess of that fixed for the said apartment and to other violations of the Federal Housing and Rent Act, of a similar nature, committed subsequent to the date the complaint was filed. The defendants objected to and the court rejected the latter evidence. We need not decide whether it was admissible, since the plaintiff does not raise on appeal any question regarding said rejection. Consequently, although the only evidence before the court referred to the collection of rents in excess of the amount fixed for apartment 23, the court *a quo* erred in limiting the permanent injunction to said apartment. As stated by the Supreme Court of the United States in *Labor Board* v. *Express Pub. Co.*, 312 U. S. 426, 435, 85 L. ed. 930, 937:

". . . The mere fact that a court has found that a defendant has committed an act in violation of a statute does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt proceedings if he shall at any time in the future commit *some new violation unlike and unrelated to that with which he was originally charged.* This Court will strike from an injunction decree *restraints upon the commission of unlawful acts which are thus dissociated from those which a defendant has committed.* (Citations.)

"It is a salutary principle that when one has been found to have committed acts in violation of a law he may be restrained from committing other related unlawful acts . . .

". . . *To justify an order restraining other violations it*

*must appear that they bear some resemblance to that which
the employer has committed or that danger of their commission
in the future is to be anticipated from the course of his con-
duct in the past. . . ."* (Italics ours.)

See also *May Stores Co. v. Labor Board,* 326 U. S. 376,
90 L. ed. 145; *New York, N. H. & H.R. Co. v. Interstate
Com. Commission,* 200 U. S. 361, 50 L. ed. 515; *Bowles v.
Luster,* 153 F. 2d 382, 383; *Bowles v. Montgomery Ward
& Co.,* 143 F. 2d 38, 42; *Bowles v. May Hardwood Co.,*
140 F. 2d 914, 916; *Bowles v. Howell Realty Co.,* 59 F.
Supp. 921; *Bowles v. Miller,* 18 N. W. 2d 285; *Wood v. Cor-
sey,* 89 C. A. 2d 105, 114; 200 P. 2d 208, 213. The foregoing
principle is, in our judgment, a correct statement of the law.
In the case at bar, as will be recalled, the evidence admit-
ted by the lower court showed that the defendants had
collected during three different months rent in excess to
that officially fixed to the apartment in question. Therefore,
once the court *a quo* arrived at the conclusion that a per-
manent injunction lay, it should not have limited said decree
to the aforesaid apartment. Rather it should have made it
applicable to any violation committed by the defendants, of
the same kind, type or nature as their previous violations.

 The second error assigned was also committed. In
the complaint, not only a writ of injunction was prayed for,
but also restitution of the rent collected in excess during the
three months to which it referred, and treble damages. Both
in their answer and during the pre-trial conference the de-
fendants insisted that said court lacked jurisdiction to enter-
tain the claim for restitution and treble damages, the court
pointing out that it was taking the question thus raised under
advisement. Nevertheless, in disposing of the case by means
of a permanent injunction, the court did not decide the prob-
lem thus raised. It was its duty to do so in the first in-
stance. However, in order to avoid the return of this case
to this Court for jurisdictional reasons, we declare that in

our judgment the district court had jurisdiction to entertain that claim. This is so because such claim is made as a sequel of an injunction suit, over which said court, by express statutory provision, has jurisdiction. Section 676 of the Code of Civil Procedure, 1933 ed. Also, since the Rules of Civil Procedure are applicable to injunction proceedings —Rule 81—the latter, although still extraordinary remedies, have lost their summary nature and have become ordinary suits. Actually, when the refund of rents collected in excess and treble damages are claimed in the same petition for an injunction, the court must take cognizance of the entire action. Otherwise it would result in piecemeal litigation where, as here, the amount to be refunded as rents charged in excess, plus the treble damages alleged, do not exceed $1,000. See Act No. 432 of May 15, 1950 (Sess. Laws, p. 1126), as well as *Las Monjas Racing Corp.* v. *Insular Racing Comm.*, 57 P.R.R. 94, 97; *United States* v. *Moore*, 340 U. S. 616, 95 L. ed. 582; *Porter* v. *Wagner Co.*, 328 U. S. 395, 90 L. ed. 1332; *Porter* v. *Lee*, 328 U. S. 246, 251; 90 L. ed. 1199; *Woods* v. *Witzke*, 174 F. 2d 855; *Fields* v. *Washington*, 173 F. 2d 701; *Cobleigh* v. *Woods*, 172 F. 2d 167; *Creedon* v. *Randolph*, 165 F. 2d 918; 30 C.J.S. 422, § 69; *Walling* v. *O'Grady*, 146 F. 2d 422; 9 F.R.D. 501.

The judgment appealed from will be reversed and the case remanded for further proceedings.