ESTADOS UNIDOS DE AMÉRICA, demandante y apelante, *v.* ISAÍAS RODRÍGUEZ MORENO, como casero e ISAÍAS RODRÍGUEZ, como administrador y agente de éste, demandados y apelados.

Núm. 10622.—*Sometido:* Mayo 1, 1952. *Resuelto:* Mayo 26, 1952.

---

*Antonio Rivera Brenes,* abogado de la apelante; *Luis Blanco Lugo,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Amparándose en la Ley Federal de Inquilinato de 1947 (Housing and Rent Act of 1947) (1) según la misma ha sido enmendada, Estados Unidos de América, representado por el

---

(1) 61 Stat. 193, 50 U.S.C. App. (Suplemento III) secciones 1861 *et seq.* La sección 206 de esa ley traducida al idioma castellano reza así:

"(*a*) (1) Será ilegal que cualquier persona exija, acepte, reciba o retenga cualquier renta por el uso u ocupación de cualesquiera viviendas sujetas a control en exceso de la renta máxima prescrita por esta ley, o que en cualquiera otra forma haga o deje hacer cualquier acto en violación de esta ley, o de cualquier reglamento, orden o requisito adoptado de conformidad con esta ley, o que ofrezca, solicite, trate o convenga hacer algo de lo anterior."

"(*b*) Cuando a juicio del Presidente (anteriormente la ley decía Acelerador de Viviendas) cualquier persona se ha dedicado o esté próxima a dedicarse a cualesquiera actos o prácticas que constituyan o puedan constituir una violación de cualquiera de las disposiciones de esta ley, o de cualquier reglamento u orden adoptados a tenor de la misma, los Estados Unidos pueden acudir ante cualquier corte federal, estatal o territorial de jurisdicción competente en solicitud de una orden de *injunction* para impedir tales actos o prácticas o de una orden decretando el cumplimiento de tal disposición, y al demostrarse que tal persona se ha dedicado o está próxima a dedicarse a cualquiera de semejantes actos o prácticas, se expedirá un *injunction* permanente o preliminar, un interdicto, o cualquiera otra orden, sin prestación de fianza."

Acelerador Nacional de Viviendas, inició ante el Tribunal de Distrito de Puerto Rico, Sección de San Juan, demanda sobre "injunction y daños triples." Alegó en ella sustancialmente que el demandado Rodríguez Moreno es dueño de un edificio de apartamiento situado en Río Piedras; que el alquiler del apartamiento número 23 del mismo está sujeto al control de la referida ley, con un canon máximo legal de $60 al mes; que a pesar de tener conocimiento de que esa suma constituye el canon máximo para ese apartamiento, dicho demandado, por mediación de su administrador y agente, intencionalmente y de mala fe lo dió en arrendamiento en 1° de julio de 1950 a Juan Lorenzo Rodríguez bajo un contrato de mes a mes y demandó y recibió de éste $69 al mes; que el citado inquilino ocupó dicho apartamiento en la aludida fecha y ha pagado la suma de $207 por las mensualidades de julio, agosto y septiembre; y que los demandados obstinada y repetidamente insisten en cobrar los alquileres del mencionado apartamiento a razón de $69 mensuales, no obstante tener conocimiento personal de que el canon máximo legal del mismo es el indicado. Solicita se declare la demanda con lugar: (1) decretando un injunction permanente contra los demandados, prohibiéndoles violar en forma alguna la Ley Federal de Alquileres; (2) ordenándoles devolver al inquilino la suma de $207, correspondiente a la renta cobrada en exceso; y (3) condenándoles a pagar daños triples sobre lo cobrado en exceso durante el período mencionado. Se solicitaba, además, que a virtud de un injunction preliminar se prohibiera a los demandados que continuaran infringiendo la ley y el reglamento federal de alquileres mientras se resolviera en definitiva sobre el injunction permanente solicitado.

Contestaron los demandados admitiendo que el primero de ellos es dueño del edificio en cuestión, así como que en 1° de julio éste cedió en arrendamiento a Juan Lorenzo Rodríguez el apartamiento indicado por un canon mensual de $69 y que por esa suma le han expedido recibos para los meses de julio

a septiembre del referido año. Y como defensas especiales alegaron que el tribunal inferior carece de jurisdicción para considerar la acción de triples daños ejercitada; que la demanda no aduce hechos constitutivos de causa de acción; que el demandante no ha agotado la vía administrativa; que el canon legal máximo que los demandados pueden cobrar por el apartamiento lo es la suma de $69 al mes, ya que oportunamente y de conformidad con la ley, el canon original de $60 fué aumentado en un 15 por ciento por contrato escrito convenido voluntariamente por ellos y el anterior arrendatario Antonio Chávez; que sus actuaciones han sido de buena fe y que la presente acción se ejercita por los funcionarios locales de la Oficina del Acelerador de Viviendas como represalia contra el demandado Rodríguez Moreno. En escrito separado también solicitaron se desestimara la petición de injunction preliminar.

Celebrada una conferencia anterior al juicio, durante la cual se ofreció prueba documental que en parte fué admitida y en parte rechazada por el tribunal, así como el testimonio oral de una testigo del demandante, [2] el tribunal dictó un auto de injunction preliminar dirigido a los demandados, a sus agentes, empleados y a cualesquiera otras personas que actúen en su representación, "prohibiéndoles conjunta o separadamente violar las disposiciones de la Ley y del Reglamento Federal de Inquilinato en cuanto se refiere al alquiler del apartamiento número 23 ocupado por Juan Lorenzo Rodríguez o cualquier otra persona, en el edificio de apartamientos situado en la calle Muñoz Rivera 1001, de Río Piedras, Puerto Rico; cobrar cantidad alguna en exceso de $60 mensuales por el alquiler de dicho apartamiento, hasta tanto otra cosa se resuelva por el Acelerador de Viviendas, quedando apercibidos los demandados que podrán ser castigados por desacato si en alguna forma violaren los términos de este auto preliminar de injunction."

---

[2] Así se desprende de los autos que están ante nos.

Varios días más tarde el demandante radicó una "Moción Solicitando se Enmiende el Auto de Injunction Preliminar y Sometiendo el Caso para el Injunction Permanente." En ella, luego de hacerse constar que el tribunal inferior había expedido un auto de injunction preliminar en relación con el alquiler del apartamiento número 23, se alegó que involuntariamente se cometió un error al redactarse la sentencia, ya que entendía el demandante que el propósito del tribunal había sido que el auto preliminar de injunction se redactara en la forma expresada en la opinión, "o sea prohibiendo a los demandados violar las disposiciones de la Ley y del Reglamento Federal de Inquilinato y no limitar su orden al apartamiento número 23", y se sometió el caso a los fines del injunction permanente interesado. A la primera parte de esa moción se opusieron los demandados. Días más tarde el tribunal declaró sin lugar la solicitud de enmienda y señaló la vista del injunction permanente. Luego libró un auto de injunction de esta última naturaleza contra los demandados, pero limitándolo siempre al apartamiento indicado. ([3])

Apeló el demandante y sostiene que el tribunal inferior erró: (1) al limitar el injunction al apartamiento número 23 y (2) al silenciar por completo la reclamación del demandante apelante en cuanto a la devolución y/o pago de daños triples.

■ Una somera lectura de la demanda nos convence de que el propósito del demandante fué que el injunction que se librara no se limitara al apartamiento número 23, sino uno que impidiera que los demandados violaran en forma alguna las disposiciones de la Ley Federal de Inquilinato. De ello no hay la menor duda. Empero, el demandante limitó su prueba al cobro por los demandados de una renta en exceso de la fijada para el apartamiento indicado y a otras violaciones a la Ley Federal de Alquileres, de naturaleza similar, cometidas con posterioridad a la fecha de la presentación de la demanda.

---

([3]) El auto de injunction permanente fué librado a base de la prueba previamente sometida al tribunal.

Esta última evidencia fué objetada por los demandados y rechazada por el tribunal. No es menester resolver si la misma era admisible o no, ya que el demandante no suscita en apelación cuestión alguna relacionada con el rechazo de ella. En su consecuencia, aunque la única prueba que el tribunal tuvo ante sí lo fué en relación con el cobro de cánones en exceso del fijado para el apartamiento 23, fué un error del tribunal a quo limitar el injunction permanente a dicho apartamiento. Conforme dijo el Tribunal Supremo de la nación en el caso de *Labor Board* v. *Express Pub. Co.*, 312 U. S. 426, 435, 85 L. ed. 930, 937:

". . . el mero hecho de que una corte llegue a la conclusión de que un demandado ha realizado un acto en violación de un estatuto no justifica la expedición de un auto de injunction para que en términos generales se obedezca el estatuto y se someta al demandado a un procedimiento de desacato si en el futuro incurre en *nuevas infracciones no similares ni relacionadas con aquélla originalmente imputádale.* Este Tribunal eliminará de un auto de injunction *aquellas restricciones relativas a la comisión de actos ilegales que no están asociadas en forma alguna con aquélla que un demandado ha cometido.* (Citas.) . . . Es saludable el principio de que cuando se concluye que una persona ha cometido actos en violación de una ley, se le prohiba cometer otros actos ilegales que guarden relación con el cometido. . . . *Para justificar una orden prohibiendo otras violaciones debe aparecer que éstas tienen alguna relación con aquélla que el patrono ha cometido o que por razón de su conducta en el pasado puede anticiparse que existe peligro de que él cometerá tal violación en el futuro.*" (Bastardillas nuestras.)

Véanse también *May Stores Co.* v. *Labor Board*, 326 U. S. 376, 90 L. ed. 145; *New York, N. H. & H. R. R. Co.* v. *Interstate Com. Commission*, 200 U. S. 361, 50 L. ed. 515; *Bowles* v. *Luster*, 153 F. 2d 382, 383; *Bowles* v. *Montgomery Ward & Co.*, 143 F. 2d 38, 42; *Bowles* v. *May Hardwood Co.*, 140 F. 2d 914, 916; *Bowles* v. *Howell Realty Co.*, 59 F. Supp. 921; *Bowles* v. *Miller*, 19 N. W. 2d 285; *Wood* v. *Corsey*, 89 C. A. 2d 105, 114; 200 P. 2d 208, 213. El principio anteriormente

enunciado expone, a nuestro juicio, la ley de manera correcta. En el caso de autos, como se recordará, la prueba admitida por el tribunal inferior demostró que los demandados habían cobrado durante tres meses distintos una renta superior a la oficialmente fijada para el apartamiento en cuestión. En su consecuencia, una vez que el tribunal a quo llegó a la conclusión de que procedía expedir un injunction permanente, no debió limitar el mismo al referido apartamiento, sino hacerlo extensivo a toda violación por los demandados que sea de la misma clase, tipo o naturaleza que las violaciones ya cometidas por ellos.

El segundo error señalado fué también cometido. En la demanda no solamente se interesaba la expedición de un auto de injunction, si que también la restitución de la renta cobrada en exceso durante los tres meses a que en ella se hacía referencia y la concesión de triples daños. Tanto en su contestación como durante la conferencia anterior al juicio la parte demandada insistió en que dicho tribunal carecía de jurisdicción para conocer de la reclamación sobre restitución y triples daños, indicando el tribunal que se reservaba la resolución de la cuestión así planteada. Sin embargo, al disponer del caso mediante la expedición del auto de injunction permanente, el tribunal no resolvió en forma alguna el problema que así se le planteaba. Era su deber hacerlo en primera instancia. No obstante, a fin de evitar que el caso vuelva ante nos en apelación por motivos jurisdiccionales, diremos que a nuestro juicio el tribunal de distrito tenía jurisdicción para conocer de esa reclamación. Ello es así porque tal reclamación se hace como secuela de un pleito de injunction, para conocer del cual dicho tribunal, por disposición expresa de ley, tiene jurisdicción. Artículo 676 del Código de Enjuiciamiento Civil, ed. 1933. También, porque siendo las Reglas de Enjuiciamiento Civil aplicables a los procedimientos de injunction—Regla 81—éstos, si bien siguen siendo recursos de naturaleza extraordinaria, han perdido su carácter sumario y

se han convertido en pleitos ordinarios. En la actualidad, cuando en la misma demanda de injunction se reclama el reintegro de las rentas cobradas en exceso y triples daños, el tribunal debe conocer de todo el litigio. Lo contrario equivaldría a fraccionarlo en aquellos casos en que, como ocurre en éste, el monto a ser reintegrado por concepto de cánones cobrados en exceso, más los triples daños alegados, no pasa de $1,000. Véanse la Ley 432 de 15 de mayo de 1950, pág. 1127, así como *Las Monjas Rucing Corp.* v. *Comisión Hípica,* 57 D.P.R. 96, 99; *United States* v. *Moore,* 340 U. S. 616, 95 L. ed. 582; *Porter* v. *Wagner Co.,* 328 U. S. 395, 90 L. ed. 1332; *Porter* v. *Lee,* 328 U. S. 246, 251, 90 L. ed. 1199; *Woods* v. *Witzke,* 174 F. 2d 855; *Fields* v. *Washington,* 173 F. 2d 701; *Cobleigh* v. *Woods,* 172 F. 2d 167; *Creedon* v. *Randolph,* 165 F. 2d 918; 30 C.J.S. 422, sección 69; *Walling* v. *O'Grady,* 146 F. 2d 422; 9 F.R.D. 501.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos.*