**BLOOD v. FLEMING, Administrator, Office of Temporary Controls.**

**No. 3426.**

Circuit Court of Appeals, Tenth Circuit.

May 2, 1947.

293

Walter W. Blood, of Denver, Colo. (Arthur H. Laws and Harold D. Torgan, both of Denver, Colo., on the brief), for appellant.

Nathan Siegel, of Washington, D. C. (William E. Remy, David London, Albert M. Dryer, and Harold Craske, all of Washington, D. C., and Max Melville, of Denver, Colo., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action originally instituted by the Administrator, Office of Price Administration, against Walter W. Blood, Kirwin B. Blood, and Mary Ellen Blood, under Section 205(a) and (e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 925(a, e), for violation of the maximum price ceiling rentals, to recover statutory damages for excessive rents, a restraining order, and an order of restitution of the amount of alleged excessive rent, in the amount of $375. Kirwin B. Blood was the son of appellant. No service was obtained upon him or his wife, Mary Ellen Blood. A motion by appellant for summary judgment as to the cause of action for damages under Section 205(e) was sustained but was overruled as to the cause of action under Section 205(a). A like motion by appellee for a judgment of restitution was sustained. This is an appeal by Walter W. Blood from the summary judgment entered against him requiring him to restore the actual amount of overage of rent paid, as hereinafter noted.

Paragraph 4 of the complaint in part alleged that the defendants at all times pertinent thereto were landlords within the meaning of the appropriate regulation and were operating the housing facilities in question, and that during all such time Kirwin Blood was a member of the armed forces of the United States and subject to the provisions of the Soldiers' and Sailors' Relief Act of 1940, 50 U.S.C.A. Appendix, § 501 et seq.

Paragraph 5 of the complaint alleged in substance that the defendants were engaging, and, unless restrained, would continue to engage in acts constituting violation of the Emergency Price Control Act in that they failed and refused to refund excess rent received and demanded from the tenants of the housing facilities in question.

The prayer of the complaint was for a judgment permanently enjoining them from engaging in the alleged violations and requiring them to refund the overcharges, and awarding the Administrator treble damages, or Fifty Dollars, whichever was greater, and for general equitable relief. The administrator also filed a bill of particulars which read as follows:

"1. That during the period commencing April 5, 1944, and ending April 5, 1945, defendants demanded, received and retained from Ferdinand J. Tate the sum of $1,305.00 instead of the sum of $930.00, resulting in the charge of $375.00 in excess of the maximum legal rent established and permitted by law.

"2. That defendant Walter W. Blood, on or about December 21, 1944, filed a registration statement for the housing accommodations known as 1249 Niagara Street, Denver, Colorado; that during the period commencing April 5, 1944, and for each successive month thereafter, to and including March 5, 1945, defendant Walter W. Blood demanded and received the rent for the use and occupancy of the housing accommodations known and described as 1249 Niagara Street, Denver, Colorado."

Appellant filed an answer in which he denied the allegations of Paragraph 4 of the complaint. He further denied that he was the owner or landlord and alleged that Kirwin B. Blood was a member of the armed forces of the United States during the times of the alleged violations and was, together with his wife, subject to and entitled to all the benefits of the Soldiers' and Sailors' Relief Act. He further alleged in his answer that when the Office of Price Administration ascertained that the defendant Kirwin B. Blood had rented the above property and had not and could not, because of his military service, file a registration statement, and he not having any

authority to do so for his son, the Office of Price Administration asked him nevertheless to file it in the name of Kirwin B. Blood as a favor and accommodation to it, so that it would have a record of the rental being paid, arrived at voluntarily between the owners and tenants, when no price ceiling was in effect thereto, and that he complied with this request and as an accommodation to it, assumed authority which he did not have, and filed the statement on behalf of Kirwin B. Blood.

A pretrial conference was held, at which the following proceedings took place:

"I

"Plaintiff alleges that Ferdinand J. Tate rented the premises at 1249 Niagara Street, Denver, Colorado, and paid $115.00 per month rent to Walter W. Blood; that the Rent Director reduced the rental to $77.50 per month on January 26, 1946, retroactive to October 10, 1943, the difference between said figures representing an overcharge and subject to refund under Sec. 205(a) of the Act.

"II

Plaintiff introduced the following Pre-Trial Conference Exhibits:

"1—Duplicate of Registration of Rental Dwellings in the name of Walter W. Blood.

"2—Carbon copy of Order decreasing maximum rent issued by Rent Director, addressed to Walter W. Blood, which were admitted in place and stead of originals, objections of the defendant being waived except as to their materiality.

"3—10 checks drawn by Ferdinand J. Tate to the order of Walter W. Blood, in the sum of $115.00 each, except Check No. 32, which is for the amount of $110.30.

"III

"Plaintiff's witnesses will be:

"Mr. and Mrs. Ferdinand J. Tate

"Herman J. Sticken, OPA Investigator.

"IV

"Defendant Walter W. Blood denies that he received and retained any of these rental moneys, and states that checks were mailed to his office and that he had authority of his son, Kirwin B. Blood, to deposit same to the account of the latter; that at the request of the Office of Price Administration, he, Walter W. Blood, in the absence

of his son Kirwin B. Blood, who was in the armed forces, signed the registration statement and thereby assumed authority which he did not have.

## "V

"The Court held that Sec. 525 of the Soldiers' and Sailors' Relief Act grants absolute relief, and that Kirwin B. Blood cannot be proceeded against in this action, but that the plaintiff may proceed against the defendant Walter W. Blood as a matter of equity.

## "VI

"The case is to be set for trial to the court in 30 days, demand for jury being waived.

## "VII

"The defendant is ordered to furnish to the plaintiff a list of its witnesses 10 days before trial."

Thereafter, the pretrial conference order was extended to include Exhibit 5. Exhibit 5 was the lease which was executed between Kirwin B. Blood and Mary Ellen Blood as lessors of the premises, and the lessees. Walter W. Blood was not a party to this lease. Plaintiff thereupon filed its motion for summary judgment and the same was sustained, and the following order and decree was entered:

"This matter coming on to be heard September 30, 1946, upon plaintiff's motion for Summary Judgment, and the Court being fully advised in the premises, it is hereby Ordered and Decreed:

"That defendant Walter W. Blood, within ten days from the date of this order, pay three hundred seventy-five dollars ($375.00) to Lt. Col. Ferdinand J. Tate and Elizabeth Ladd Tate, whose address is United States Army, West Point, New York."

■ The first contention that merits consideration is that since the suit was not commenced within one year after the last alleged violation, it cannot be sustained under our holding in Matheny v. Porter, 10 Cir., 158 F.2d 478. The Matheny case concerned itself with a cause of action arising under Section 205(e). We are not concerned here with liability created by that section since the trial court sustained appellant's motion for summary judgment as to the cause of action asserted against him thereunder. Section 205(a) creates a cause

of action separate from that set out in Section 205(e). It confers broad equitable powers upon the court giving it power to grant injunctions, enter orders of restitution, or any other equitable order conducive to proper enforcement of the provisions of the Act. The limitations upon the powers of the court to proceed under the provisions of this section are governed by equitable considerations. Whether an action may be maintained under this section is not controlled by the one year limitation set up in Section 205(e). It may be instituted within such time as is not barred by laches. Appellant did not plead, nor does he assert, that he was prejudiced by the delay of more than one year in the institution of the action.

■ The only other question, then, is whether the trial court erred in entering a summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, provides that the judgment sought under this rule "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The rule was intended to provide against the vexation and delay which come from the formal setting for trial of those cases in which there is no substantial dispute on issues of fact. It was not intended to and should not be used as a substitute for a regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends.

Viewed in this light, we are of the opinion that the trial court erred in entering summary judgment. We think there are questions of fact which are not without substantial dispute. The complaint charged appellant with being a landlord, and sought to hold him liable as such. In his answer he denied that he was a landlord or the owner of the premises. The complaint also sought to attach liability to him because he filed the rental registration. His answer alleged that he had no authority to file the rental registration and that he filed it at the request of the Office of Price Administration and as an accommodation to it. He also denied

that he received and retained any of the rental moneys. These issues of fact were in dispute.

While the complaint sought to hold appellant liable as a principal, this position has apparently been abandoned, because in its brief before this court appellee seeks to justify the judgment on the ground that appellant was the agent of his son, and seeks to hold him liable as such. It is contended that the question of agency was not in issue because appellant failed to deny such agency in his answer. The obvious answer to this is that he could not, nor was he called upon to, deny a relationship which was not alleged or relied upon in the complaint. While the judgment of the court is silent upon this matter, the presumption must be that judgment was entered against appellant as a principal because the question of agency was not raised in the pleadings or in any of the admissions or stipulations at the pretrial conference. Whether appellant was a principal or agent was in dispute and might be material to a proper determination of the cause asserted under Section 205(a). We conclude that in the light of these disputed issues of fact it was error to enter a summary judgment.

■ There is another reason why summary judgment should not have been entered in this case. This was an equitable action in which appellee sought an injunction and restitution of the amount of rentals collected in excess of that fixed by appellee's order. Whether restitution shall be made depends upon equitable principles and considerations. In Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 591, 88 L.Ed. 754, it was held that a court of equity was not required to grant an injunction merely because the facts justified a judgment as a matter of law. The court said: "We are dealing here with the requirements of equity practice with a background of several hundred years of history. Only the other day we stated that 'An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity.'" The court further said: "The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." [1]

■ In equity, restitution is ordered upon the principle that a court of equity will order one to do what in good conscience he should do. Viewed in this light, it is difficult to see how a just judgment requiring appellant to make restitution could be arrived at by a summary judgment proceeding. The rental of $115 per month was not unlawful when the lease was executed. It only became excessive by the order of the Office of Price Administration, and the rent in excess of that fixed in the order which had been paid up to that time became unlawful only by the retroactive effect of the order reducing the rent. The order of reduction was complied with and thereafter only $77.50 per month was collected. If in fact appellant was not a landlord, nor the owner of the property, nor received or retained any of this money, and if he filed the rental registration at the request of and for the accommodation of the Office of Price Administration and merely permitted the tenant to pay the rentals at his office as an accommodation to the tenant, and to his son, who was in the service, it would seem harsh and inequitable and not consistent with equitable considerations to require him to make restitution of the overage, merely because it passed through his hands, and especially so when at such time there was no order making the payment or the receipt thereof unlawful. Requiring one to make restitution under these facts, if they prove to be the facts, would constitute an arbitrary exercise of equitable power. In any event, whether the facts outlined above prove to be the facts can be determined only after a full hearing. It is sufficient for the purpose of this appeal to state that entering a summary judgment requiring restitution upon the bald allegations of the pleadings, buttressed by the introduction of the rental registration and checks evidencing rental payments, constituted an abuse of the proper exercise of equitable discretion.

The judgment of the trial court is accordingly reversed.

---

[1] To the same effect, see Porter v. Warner Holding Co., 328 U.S. 395, 66 S. Ct. 1086; Restatement of Law, Restitution, page 5.