**WOODS, Housing Expediter, v. GOCHNOUR et ux.**

Civil Action No. 755.

United States District Court
E. D. Washington, N. D.

Dec. 28, 1948.

Clinton J. Crandall and Roy C. Fox, both of Seattle, Wash., for plaintiff.

Frank P. Weaver, of Spokane, Wash., for defendants.

DRIVER, Chief Judge.

Defendants' motion to dismiss the first cause of action of the complaint raises the question whether this Court can order a landlord to repay to his tenant rental collected in excess of the legal maximum, established under the Emergency Price Control Act of 1942,[1] in an action commenced by the Housing Expediter more than a year after the termination of the Act.

The complaint was filed July 12, 1948. The first cause of action alleges that from April 1, 1947, to June 30, 1947, defendants, as landlords, collected from a certain tenant rental in excess of the legal maximum. The prayer asks that the defendants be required to repay to the tenant the amount of the overcharge.

The Price Control Act finally terminated on June 30, 1947, but it contained a saving clause to the effect that as to any offense committed or right or liability incurred prior to its termination date, the provisions of the Act should "be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."[2] Unless plaintiff's first cause of action for restitution to the tenant comes within that saving clause, it must be dismissed.

Plaintiff concedes that an action brought under Sec. 205(e) of the Act,[3] usually referred to as a "treble damage action," would be barred by the one year limitation imposed by the provisions of that section. He claims, however, that he is not seeking any legal remedy provided for in Sec. 205 (e), but is pursuing a different, independent, equitable remedy, available to him under Sec. 205(a), 50 U.S.C.A.Appendix, § 925 (a), which reads as follows:

"Whenever in the judgment of the Administrator any person has engaged or is

---

[1] 56 Stat. 23, as amended, 56 Stat. 765, 58 Stat. 632 (Stabilization Extension Act of 1944), 59 Stat. 306 and 60 Stat. 664. The volume of U.S.C.A. in which the original Act was included was re-placed in 1944. See 50 U.S.C.A.Appendix § 901 et seq.

[2] 50 U.S.C.A.Appendix, (pocket part) § 901(b).

[3] 50 U.S.C.A.Appendix, (pocket part) § 925(e).

about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act (section 904 of this Appendix), he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

It has been held, as plaintiff asserts, that when the equity jurisdiction of a court has been invoked in a proper case, arising under Sec. 205(a), the court may, in the exercise of its broad, traditional, equity powers, order repayment to the tenant of rental overcharges. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332. The crucial question in the present case, however, is whether there is any basis for the exercise of equity jurisdiction at all under Sec. 205(a) in an action brought after the termination of the Act. The section authorizes application to an "appropriate court" only for two specific purposes, namely, to enjoin violation of the Act and to enforce compliance with its provisions. It authorizes the court, in order to accomplish such purposes, to grant a "permanent or temporary injunction, restraining order, or other order." In Porter v. Warner Holding Co., supra, an action for both injunctive relief and restitution, the Supreme Court held that to do full justice and award complete relief, the District Court, as an incidental by-product of the exercise of its equity functions, could order restitution. The majority opinion (see 328 U.S. at pages 399, 400, 66 S.Ct. at pages 1089, 1090) points out that enforcement of restitution to the tenant of illegally collected overcharges may be justified as a proper "other order" under Sec. 205(a) on either of two theories, first, as an "equitable adjunct" to a decree enjoining violation of the Act, or second, as an appropriate means of assisting to enforce compliance with the Act.

In Creedon v. Randolph, 5 Cir., 165 F.2d 918, 919, also cited by plaintiff, the Administrator of Price Controls brought an action under Sec. 205(a) to compel a landlord to pay back to a tenant rental collected in excess of the legal maximum. The action was commenced after the one year limitation against an action by the tenant for damages had run and the Administrator did not ask for a prohibitory injunction against future violations. The trial court concluded that there was not sufficient legal basis for ordering restitution in the exercise of the court's equity powers. The Court of Appeals reversed. It held that the lower court should have exercised its discretion to determine whether restitution should be ordered as an aid to enforcement of "this law," since requiring "restitution of overcharges tends to enforce the law prohibiting them."

In each of the cited cases the action was commenced and disposed of in the trial court before the termination of the Price Control Act. In the instant case, however, the Act had expired before the complaint was filed. The saving clause, which authorizes "any proper suit" to enforce rights or liabilities incurred prior to termination, could not then cover suits in equity under Sec. 205(a) either to enjoin future violation of the Act or to enforce compliance with the Act for the obvious reason that the Act had ceased to exist. Since equitable jurisdiction to enter an injunction decree or compliance order had died with the Act, the incidental and dependent power to order restitution, likewise, had expired.

Plaintiff points out that while Congress permitted the Price Control Act to terminate June 30, 1947, it immediately enacted the Housing and Rent Act of 1947,[4] and thus continued in operation essential control of rentals. He argues that a court of equity may, in order to assist in carrying out the purpose of Congress to combat inflation in the housing rental field, order restitution of rental overcharges under the old Act to aid in the enforcement of the new one.

---

4 61 Stat. 193, 50 U.S.C.A.Appendix, (pocket part) § 1881 et seq.

The Housing and Rent Act is not, in any sense, an extension or continuation of the Price Control Act, but a wholly new and independent statute. It is narrower in scope, does not have the same sanctions for enforcement, and differs in other respects, which I shall not detail here, from the Price Control Act.

The power of this court to order restitution of overcharges under an expired statute cannot be derived from the desirability of aiding in the enforcement of some other and different statute. I find no justification for such an extraordinary extension of the equity powers of the court in the provisions of either the old or the new Act.

The motion to dismiss the first cause of action of plaintiff's complaint will be granted.