## WOODS v. RICHMAN et al.

United States Court of Appeals
Ninth Circuit.

April 29, 1949.

FEE, District Judge, dissenting.

Ed Dupreé, Gen. Counsel, Office of Housing Expediter, Hugo V. Prucha, Asst. Gen. Counsel, and Cecil H. Lichliter, Sp. Litigation Atty., all of Washington, D. C., and Sidney Feinberg, Atty., Office of Housing Expediter, of San Francisco, Cal., for appellant.

Bailie, Turner & Lake and Frederick I. Richman, all of Los Angeles, Cal., for appellee.

Before HEALY and BONE, Circuit Judges, and FEE, District Judge.

HEALY, Circuit Judge.

This action was filed by the Housing Expediter (appellant) in August 1947 to enforce compliance with the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1891 et seq. In an amended complaint the Expediter set out a schedule of alleged rental overcharges for 19 units or apartments in an apartment hotel operated by the defendants. The asserted overcharges covered periods of varying duration between January 1944 and September 1947, constituting infractions either of the former or of the present statute or continuing violations of both. It was alleged that the defendants had received from the occupants of these housing accommodations amounts in excess of the maximum legal rents established, and by such practices had violated § 4(a) of the 1942 Act, or § 206(a) of the 1947 Act, and regulations issued pursuant thereto. The relief prayed was (1) for judgment under § 205(e) of the 1942 Act

for treble the amount of the overcharges, (2) that, pursuant to § 205(a) of the 1942 Act and § 206(b) of the 1947 Act, the defendants be ordered to refund to the tenants all excess rentals not previously refunded, and (3) that they be enjoined from demanding or receiving for the specified housing accommodations rents in excess of the legal maximum permitted.

The answer set up several defenses. As to certain of the apartments it was alleged that they were not subject to rent regulation, as to others that no rents above the ceiling had been collected, and as to the remainder that the defendants had restored or repaid to the tenants amounts received in excess of the permissible rentals. After joinder of issue, the parties, by stipulation, eliminated from the schedule of overcharges all items except two, namely those appertaining to apartments Nos. 407 and 412. As to No. 412 the period of claimed overcharge extended from May 15, 1944, to August 15, 1947. Upon the trial the court found that the rentals collected for this apartment were not in excess of the permissible maximum. The Expediter does not complain of this finding or ask us to review it.

The period of claimed overcharge in respect of the remaining unit No. 407, was from May 1, 1944, to April 10, 1946, and the total overcharge for this unit was alleged to be $233.35. The trial court excluded all evidence as to violations relative to this apartment on the ground that it was without jurisdiction to try that issue. Apparently, lack of jurisdiction was predicated on the fact that the 1942 Act had by its own terms expired prior to suit and after the violation had ceased, and that the right of treble recovery under § 205(e) of that Act was barred by lapse of the one year limitation prescribed in the section.

■ We think the court was in error in holding itself without jurisdiction to try the issue. Section 1(b) of the 1942 Act, as amended, fixed June 30, 1947, as the termination date thereof "except that as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules, and requirments shall be treated as still remaining in force for the purpose of sustaining any proper suit, action or prosecution with respect to any such right, liability, or offense." This saving clause preserves accrued rights and liabilities whether or not suit on account thereof is started prior to the termination date. Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 114, 119, 67 S.Ct. 1129, 91 L.Ed. 1375.

■ As already seen, relief was here sought, in part, under the provisions of § 205(a) of the 1942 Act and the substantially identical provisions of § 206(b) of the 1947 Act. The former is shown on the margin.[1] Considering § 205(a), it was held in Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, that an order for the restitution of illegal rents may be considered as a proper "other order," within the meaning of the section, as one appropriate and necessary to enforce compliance with the Act. The Court said, 328 U.S. at page 400, 66 S.Ct. at page 1090: "Section 205(a) anticipates orders of that character, although it makes no attempt to catalogue the infinite forms and variations which such orders might take. The problem of formulating these orders has been left to the judicial process of adapting appropriate equitable remedies to specific situations. Cf. Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 194, 61 S.Ct. 845, 852, 85 L.Ed. 1271, 133 A.L.R. 1217. In framing such remedies under § 205(a), courts must act primarily to effectuate the policy of the Emergency Price Control Act and to protect the public interest while giving necessary respect to the private interests involved. The inher-

---

[1] "Section 205(a). Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

ent· equitable jurisdiction which· is thus called into play·clearly authorizes a court, in its discretion, to decree restitution of excessive charges in order to give effect to the policy of Congress."

Section 205(a) provided a cause of action separate from that set out in § 205(e), and as respects such cause the one year limitation found in the latter section is not controlling. Blood v. Fleming, 10 Cir., 161 F.2d 292. The remedy afforded by § 205(a) is in addition to others set up in the Act; and an order of restitution may be granted with or without a prohibiting injunction. Creedon v. Randolph, 5 Cir., 165 F.2d 918. See, also, Bowles v. Skaggs, 6 Cir., 151 F. 2d 817, 819. As justly observed in Creedon v. Randolph, supra, 165 F.2d at page 919, a requirement of restitution of overcharges tends to enforce the law prohibiting them. "That it operates," said the court, "to confer a benefit on the tenant, who has not seen fit to act in her own behalf, does not detract at all from the enforcement effect nor alter its nature."

· [3] Had the congressional policy in respect of rent control lapsed with the expiration on June 30, 1947, of the Emergency Price Control Act, we would assume that an order designed primarily to vindicate the defunct policy would no longer be appropriate in equity. But rent control has continued to be a national policy. In the declaration contained in the Housing and Rent Act·of 1947, 50 U.S.C.A.Appendix, § 1891, it was recognized that an emergency still exists, and that for the prevention of inflation and for the achievement of a reasonable stability in the general level of rents during the transition period, as well as for other purposes, it has continued to be necessary to impose restrictions upon rents charged for housing accommodations in defense-rental areas. The 1947 Act prohibits the demand or acceptance of any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established under the authority of the Emergency Price Control Act of 1942, as amended, and in effect with respect thereto on June 30, 1947,

provision being made by the Expediter for general adjustments. 50 U.S.C.A.Appendix, § 1894. And, as already noted, the provisions of § 205(a) of the former Act were reenacted without change.[2]

We think, therefore, that it continues to be appropriate for the courts to consider whether an order of restitution should be made as a means of giving effect to the declared policy of Congress. The judgment appealed from is accordingly reversed and the cause remanded with directions to the court to hear the evidence and, in the light thereof, to exercise the discretion which belongs to the court.

JAMES ALGER FEE, District Judge (dissenting).

The District Judge dismissed this count as to apartment 407 upon the ground that he had no jurisdiction because of the repeal of the Emergency Price Control Act of 1942. This was done without the concurrence of appellees and upon the motion of the judge himself. Here there was reversible error. First, the District Judge violated the pretrial order, which reserved a single question of fact for trial as to each two apartments 407 and 412. Second, the District Court had jurisdiction of the action and all the charges.

Even if the statute had expired without applicable saving clause and the limitation had run, a civil action with appropriate allegations had been filed by the Expediter, who had authority·to sue, and appellees had been brought into court by the appropriate process. Therefore, the trial court had jurisdiction of the cause and of the parties. The District Judge did not pass upon the question of whether sufficient facts were stated to constitute a claim against the defendants and did not consider or pass upon the survival of the claim under the statute. The cause must then be remanded solely on the technical ground that the court did have jurisdiction.

It may be well to say that there are good grounds for holding no cause of action for restitution in damages was intended to survive after the lapse of the

² The reenactment of this section after repeated interpretations of it by the courts would ordinarily be considered as inferring the approval by Congress of these interpretations. The· principle is clearly applicable here.

statute of 1942. Woods v. Gochnour, D.C., 81 F.Supp. 457. It is unnecessary to take that ground here, since on the facts in the record this court should direct the dismissal of the cause whether Congress intended a claim for relief in damages by way of restitution should survive the passing of the Act of 1942 or not.

This action has now been reduced to a claim for damages for an alleged violation, ending in 1944, of the Act of 1942, which has expired according to its terms. The right of restitution exists at law or in equity and results in the award of damages, except in special circumstances not present here. American Law Institute, Restatement of the Law, "Restitution." The Supreme Court had held that the words of the statute of 1942, "he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision," justified a court on equitable principles of restitution in awarding such damages even though a like remedy existed at law.

It has been held the policy of the Act of 1947 was the same as that of the Act of 1942. Woods v. Cloyd W. Miller Co., 333 U.S. 138, 139, 143–144, 68 S.Ct. 421, 92 L. Ed. 596. It will probably likewise be held that this same policy governs the Act of 1949, which was passed long after this case was tried and after its appeal was urged. Even if there were virtue in reviving charges of violation of the dead statutes because of the continuity of underlying policy when applied to actual violations of the present statute, no complaint is made today of any act of appellees since the statute of 1947 has been in force. No injunction would or could be granted against a violation of the Act of 1947, the Act of 1949 or any future enactment because of such alleged trespasses in the past, if there were no related violations of the current statute. This assumption is pointed up by the fact that there is an express waiver of an injunction here. If an injunction cannot be granted, the synthetic remedy of damages to "enforce compliance" with the provisions of the same dead Act of 1942 has also passed. There is no designated property here involved, of which specific restitution may be ordered, so a naked right of damages is involved. The specific statute of limitations included by Congress in the same statute of 1942 § 205(e), 50 U.S.C.A.Appendix, § 925(e), has already run against the recovery of damages for the alleged violations at law by either Expediter or tenant. For the Expediter to seek to "enforce compliance" with the expired Act of 1942 by award of the same damages of $233.35 in equity would be inequitable and unjust. Equity should follow the same limitation applied at law. This antinomy is highlighted in contradiction. Since the procedural distinction between equity and law has been abolished, the identical plaintiff comes into the selfsame court and recovers the same amount for the benefit of the same person as restitution in equity, where neither the Expediter nor the proposed beneficiary could obtain the same sum at law. All equitable considerations have been eliminated. The anomaly transcends the ridiculous.

Besides, the Expediter dismissed seventeen charges joined in the amended complaint because he could not prove them. As to the two sole remaining charges, the appellees conclusively proved there was no violation as to apartment 412, and the Expediter conceded the fact and took no appeal therefrom. Exactly the identical issue of fact was reserved as to apartment 407, here in controversy, but the District Judge shortcircuited the issue and, without fault of appellees, dismissed for lack of jurisdiction. We do not therefore know to a certainty that the Expediter would be as decisively defeated on the same fact as to apartment 412. But the Expediter has made no showing and has given no assurance that he has an idea he could establish the remaining charges or that he intends to pass them to trial on the facts. There was nothing to give the simulacra substance. This appeal should not have been taken without that showing. It should not be assumed appellants were guilty. They have been put to the expense of an appeal where a trial on the facts would, according to every reasonable probability, have vindicated them. In any event, the cause should be remanded with directions to dismiss unless a present violation of law is charged in the premises.