### WOODS v. BOMBOY.

#### Civ. A. No. 7330.

United States District Court
W. D. Pennsylvania.

July 28, 1949.

Supplemental Opinion July 29, 1949.

476

Harold L. Wertheimer, Litigation Atty., Office of Housing Expediter, Upper Darby, Pa., for plaintiff.

John W. Himebaugh, Erie, Pa., for defendant.

GOURLEY, District Judge.

Tighe E. Woods, Housing Expediter, has brought suit for injunctive relief and as an adjunct thereof, for an order directing the restitution of overcharges made by the defendant to the tenants.

The action is filed under the provisions of the Emergency Price Control Act of 1942 and its amendments, and the Housing and Rent Act of 1947, as amended.

The two Acts were used as a basis for relief since the several offenses occurred during the effectiveness of one Act or the other.

Jurisdiction of the Court exists under Sections 205(a) and 205(c) of the Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and under Sections 206(a) and 206(b) of the Act of 1947, 50 U.S.C.A.Appendix, § 1896.

After several days of hearing, the parties entered into a stipulation relative to the injunctive relief and restitution which the Court approved.

At the time of entering the Consent Decree the Court permitted the defendant to reserve the right to question the jurisdiction of the Court if it were so desired.

It has come to the attention of the Court during the last few days that the defendant has appealed the jurisdictional question to the Circuit Court of Appeals for the Third Circuit.

In accordance with the provisions of Rule 75(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and in order to assist the appellate court in the adjudication of the questions which have been raised, this opinion is, therefore, filed.

I should state that the facts as presented by the Housing Expediter show a most flagrant disregard and absolute intent on the part of the defendant to flaunt or circumvent the provisions of law which governed the relationship between him and his tenants. No reasonable explanation could be given by the defendant for his actions, and the only impression which could be gained was that the law was not sound or just, and every possible effort would be made to avoid its provisions. The housing accommodations were located in the highly industrialized area of Erie, and the circumstances were such that facilities for tenants were at a premium so that persons would agree to any plan or request to secure a place to reside.

This is one case where an order should have been entered for treble damages if authority had existed under the Act of 1947, but unfortunately no such provision existed in the Act.

■ Under the Act of 1942, and as to any offenses which occurred during its effectiveness, jurisdiction existed in the Court regardless of the amount involved or the citizenship of the parties. Co-Efficient Foundation v. Woods, 5 Cir., 171 F.2d 691; Creedon, Housing Expediter, v. Seele, D.C., 75 F.Supp. 767.

■ Although the Act of 1942 and its amendments were repealed by the Act of 1947, said Act remained in full force and effect for the purpose of sustaining any proper suit, action or prosecution with respect to any such right, liability or offense which occurred during the effectiveness of said Act. 50 U.S.C.A.Appendix, § 901.

I was well aware of the decision of the Third Circuit Court of Appeals when the instant proceeding was heard, which held that, in an action by a tenant against a landlord under the Act of 1947, where the amount in controversy did not exceed the sum of $3,000.00, no jurisdiction existed in the district court to entertain such a proceeding. Fields v. Washington, 3 Cir., 173 F.2d 701.

[3] It was the contention of the defendant on the basis of said decision, that since a tenant could not institute such an action where the amount involved was less than $3,000.00, no jurisdiction existed in the District Court to entertain such an action filed by the Housing Expediter wherein, as part of the claim for relief, an Order was desired in which the landlord would be required to make restitution of over-

charges made. In short, that what could not be done directly, should not be allowed in an indirect manner. I do not believe such was the intention of our Circuit Court.

It must be remembered this is a proceeding for injunctive relief in which jurisdiction exists in the Court by virtue of the provisions of Sections 206(a) and 206(b) of the Act of 1947.

If the provisions of the Act of 1942 and 1947 are read relative to the jurisdiction of the Court as they relate to injunctive relief, it will be observed they are formulated in exactly the same phraseology.

Section 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(a), and Section 206 of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, 1896, provide, inter alia, that where a person has engaged or is about to engage in any act or practice which constitutes or will constitute a violation of the Acts, application may be made to the District Court for a permanent or temporary injunction, restraining order, or other order.

The law is settled that in an enforcement proceeding, under Section 205(a) of the Act of 1942, a federal district court has the power to order restitution of rents collected by a landlord in excess of the maximums established by the regulations issued under the Act. That under the provisions of Section 205(a) authorizing the district court, upon a proper showing, to grant "a permanent or temporary injunction, restraining order, or other order," an order for the recovery and restitution of illegal rents may be considered a proper "other order" either (1) as an equitable adjunct to an injunction decree, or (2) as an order appropriate and necessary to enforce compliance with the Act. Porter v. Warner Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

Since the provisions of the Act of 1947 are similar to those in the Act of 1942, it is my opinion the rule of law just expressed would have application to the facts in the case at bar.

It is, therefore, my judgment in an action for injunctive relief under the Housing and Rent Act of 1947 brought by the Housing Expediter against a landlord, jurisdiction exists in the District Court and it is proper for the Court to direct restitution be made by the landlord to the tenants for the overcharges made.

This is definitely a case where in the exercise of my discretion I believed it proper, in addition to granting injunctive relief, to direct the restitution of rents. If the Consent Decree had not been presented, I would have so decreed in my adjudication. To hold otherwise would defeat the purpose of the Act and make possible the flagrant violation thereof, such as exists in this case, without a proper deterrent to force compliance with the terms and provisions of the Housing and Rent Act of 1947.

### Supplemental Opinion

Since filing the within Opinion, the case of Woods v. Richman et al., 9 Cir., 174 F. 2d 614, has come to my attention, which supports the conclusion reached in the opinion filed.