## WOODS v. WAYNE.

### No. 5915.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1949.

Decided Nov. 3, 1949.

Ed Dupree, General Counsel, Office of the Housing Expediter, Washington, D. C. (Hugo V. Prucha, Assistant General Counsel, and Isadore A. Honig, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C., on brief), for appellant.

Edward A. Marks, Jr., Richmond, Va., for appellee.

Before PARKER and SOPER, Circuit Judges, and BARKSDALE, District Judge.

SOPER, Circuit Judge.

This suit was brought on October 22, 1948, against the landlord of an apartment in Richmond, Virginia, who was charged with having collected excessive rents in violation of Section 4(a) of the Emergency Price Control Act of 1942, as amended by the Act of June 30, 1944, 50 U.S.C.A.Appendix, § 904(a), and Section 206 of the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1896(a), and regulations issued in pursuance of these statutes. The Expediter asked for restitution of the overcharges and for an injunction against future violations of the 1947 Act under the provisions of Section 205(a) of the Price Control Act, 50 U.S.C.A.Appendix, § 925(a) and Section 206(b) of the Act of 1947, 50 U.S.C.A.Appendix, § 1896(b).

The complaint alleges that the defendant collected excessive rents during the period from January 27, 1946, to February 26, 1947, from the tenant of one apartment, and during the period from February 27, 1947 to August 28, 1947, from the tenant of another apartment, and that the defendant has failed and refused to repay the overcharges to the tenants concerned. The answer denies these allegations, and specifically alleges that the defendant has not occupied the position of landlord of one of the said apartments since June 6, 1947, and of the other apartment since June 9, 1947.

Upon these pleadings the defendant filed a motion to dismiss the suit on the ground that the right of action did not accrue within one year of the institution of the proceeding; and the District Judge granted the motion in an order in which he expressed the opinion that the Expediter was guilty of laches as to the equitable relief sought, and that the legal relief prayed for was barred by limitations. This ruling seems to have been based upon the provisions of Section 205(e) of the Price Control Act, 50 U.S.C.A.Appendix, § 925(e), and Section 205 of the 1947 Rent Act, 50 U.S.C.A.Appendix, § 1895, which permit a person wronged by an overcharge to sue for its return within one year of the occurrence of the violation. This view has been taken in certain decisions. Creedon v. Molyneaux, D.C.Md., 74 F. Supp. 632;

Woods v. Gochnour, D.C.Wash., 81 F.Supp. 457; Woods v. Richman, 9 Cir., 174 F.2d 614, dissenting opinion.

■ There is, however, no limitation as to the time in which the Expediter may bring suit for relief under either Section 205(a) of the Price Control Act or Section 206(b) of the 1947 Act; and it was decided in Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, that in an enforcement proceeding under the Price Control Act, the court has power under the terms of the statute to grant an injunction and to order restitution of the illegal rents as an equitable adjunct to an injunction decree, or as an "other order" appropriate and necessary to enforce compliance with the Act. In the application of this ruling it is now established by decisions, most of which were rendered subsequent to the decision below, that the time limitation imposed by the Price Control Act upon a suit by an injured party for treble damages has no application to a suit by the Expediter for equitable relief. We are in accord with these decisions. See, Woods v. Witzke, 6 Cir., 174 F.2d 855; Woods v. Richman, 9 Cir., 174 F.2d 614; Woods v. McCord, 9 Cir., 175 F.2d 919; Creedon v. Randolph, 5 Cir., 165 F.2d 918. The same rule applies to the corresponding sections of the 1947 Act. See Woods v. Trbusek, D.C.S.D.N.Y., 83 F.Supp. 175.

■ The defendant also contends that the claim for restitution in this suit must fail as to the period prior to June 30, 1947, because the Price Control Act terminated on that date, and the present action does not fall within the saving clause set out in Section 1 (b) of that Act, 50 U.S.C.A.Appendix, § 901(b). That clause provides that as to offenses committed or rights or liabilities incurred prior to the termination date the provision of the Act and regulations thereunder shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense. The argument is that this provision can have no application to suits to enjoin future violations of or to enforce compliance with an act that has ceased to exist. This view is set forth in Woods v. Goch-

nour, D.C.Wash., 81 F.Supp. 457. We think, however, that such a narrow construction would defeat the obvious purpose of the section to keep alive all rights of injured persons and all remedies against violators of the Act that had accrued during the life of the statute. This was the ruling in Woods v. Richman, 9 Cir., 174 F.2d 614 and Ebeling v. Woods, 8 Cir., 175 F.2d 242, with which we are in accord.

■ The defendant makes the point that the Expediter expressly stated in the first paragraph of the complaint that he brings the action for an injunction or other order pursuant to the Act of 1947, and hence the action must fail since documentary evidence produced in the District Court (but not included in the record before us) shows that the defendant ceased to be landlord of the premises before the Act went into effect. The subsequent paragraphs of the complaint, however, specifically charge violation of the regulations under both the 1942 and 1947 Acts, and the relief sought is not only an injunction restraining the defendant from further violations of the 1947 Act, but also a mandatory injunction requiring the defendant to refund all monies illegally exacted from the tenants. Since the answer denied that the rents collected during the life of the 1942 statute were excessive, and alleged that the defendant collected no rents after the 1947 Act went into effect, issues of fact are raised which must be resolved upon the remand of the case to the District Court. If it is there shown that illegal exactions were made under either statute, the court has power to order restitution in this suit, even if upon further hearing the court may find that no restraining order as to the defendant's future conduct is necessary or proper. See Creedon v. Randolph, supra; Woods v. McCord, supra.

■ It is clear from this discussion that there is no ground in this case for the application of the doctrine of laches. Not only is it true that laches cannot ordinarily be asserted against a public officer of the United States seeking to discharge his official duty, Leonard v. Gage, 4 Cir., 94 F.2d 19, 25, but the application of the doctrine in this case, by accepting the one

year limitation upon private suits as the measure of diligence required of the Expediter in bringing suit to enforce compliance with the statute, would indirectly impose a restriction upon his actions which Congress did not see fit to prescribe. See Woods v. McCord, supra; cf. Woods v. Winters, 5 Cir., 171 F.2d 759; Blood v. Fleming, 10 Cir., 161 F.2d 292.

Reversed and remanded for further proceedings.