**WOODS, Housing Expediter v. GOCHNOUR et ux.**

**No. 12181.**

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1949.

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Coun., Louise F. McCarthy, Sp. Atty., OHE, Washington, D. C., for appellant.

No other appearances were entered.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of dismissal of a cause of action of a complaint of the Expediter seeking to recover restitution of rent overcharges to a tenant, pursuant to Section 205(a) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 925(a), hereinafter called the Act. Another cause of action sought injunctive relief against future overcharges.

The dismissed cause of action alleged the overcharges were made and collected prior to the termination of the Act on June 30, 1947. The complaint was not filed until July 12, 1948, more than a year after the Act's termination. The Expediter sought relief under Section 205(a), as follows:

"Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

The district court held that equitable jurisdiction to enter an injunction and incidentally award damages died with the Act and distinguished Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086,

90 L.Ed. 1332, on the ground that the recovery there had under 205(a) was before the Act's termination.

Subsequently in a different case, Woods v. Richman, 9 Cir., 174 F.2d 614, this court held to the contrary, that such right of action under 205(a) survived. Our holding has been followed in the Eighth Circuit in Ebeling v. Woods, 175 F.2d 242, 244, and in the Fourth Circuit in Woods v. Wayne, 177 F.2d 559, No. 5915 in that court, decided November 3, 1949. We are still of the opinion expressed in the Richman case.

The judgment dismissing the above cause of action of the complaint is reversed and the cause remanded.