## WOODS v. BOMBOY.
### No. 10027.

United States Court of Appeals
Third Circuit.

Argued Jan. 3, 1950.

Decided Jan. 16, 1950.

No oral argument for appellant (John W. Himebaugh, Erie, on the brief).

Louise F. McCarthy, Special Litigation Attorney, Washington, D. C. (Ed Dupree, General Counsel, Hugo V. Prucha, Assistant General Counsel, Washington D. C., on the brief), for appellee.

Before BIGGS, Chief Judge and MARIS and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

The sole question on this appeal is whether the United States District Court for the Western District of Pennsylvania had jurisdiction to entertain this civil action which was brought by the Housing Expediter against the defendant landlord in which the relief sought was an injunction against future violations of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq., and a restitution of overcharges of rent previously collected from tenants under both the Emergency

Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq., and the Housing and Rent Act of 1947, as amended. A judgment granting the relief sought was entered by the court and this appeal followed. We are clear that the court had jurisdiction of the suit and that the judgment must, therefore, be affirmed.

The action was brought under Section 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1896(b), which provides: "Whenever in the judgment of the Housing Expediter any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of this Act, or any regulation or order issued thereunder, the United States may make application to any Federal, State, or Territorial court of competent jurisdiction for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

■ The subsection just quoted expressly authorizes a suit by the United States, through the Housing Expediter, to obtain an order enjoining practices in violation of the act or other order appropriate to the case. The suit may be brought in "any Federal, State, or Territorial court of competent jurisdiction". The competency of a Federal district court to entertain such a suit must be looked for elsewhere, however, Fields v. Washington, 3 Cir., 1949, 173 F.2d 701. Here an express grant of jurisdiction is to be found in Title 28, U.S.C.A. § 1345, which provides: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

The defendant urges that the suit is in reality not on behalf of the United States but rather for the benefit of the tenants in whose favor restitution has been ordered. He accordingly asserts that under our decision in Fields v. Washington the jurisdiction of the district court is based solely on Title 28, U.S.C.A. § 1331, in which event the jurisdictional amount of $3,000 must be present. We do not agree that the rule of Fields v. Washington is applicable here. On the contrary it is settled that a suit by the Housing Expediter for injunctive relief and restitution is one to enforce the laws of the United States in the public interest by restoring the status quo and is not a suit to award damages to the tenant. It involves an order of the type authorized by Section 206(b) of the Housing and Rent Act. The mere fact that it operates to confer a benefit on the tenants, does not detract from its enforcement effect nor alter its nature. Porter v. Warner Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Creedon v. Randolph, 5 Cir., 1948, 165 F.2d 918; Woods v. Richman, 9 Cir., 1949, 174 F.2d 614; Ebeling v. Woods, 8 Cir., 1949, 175 F.2d 242. Accordingly the suit may be brought under Section 1345 without regard to the amount involved.

■ Finally, the defendant asserts that the court was without power to order restitution of rents illegally collected under the Emergency Price Control Act of 1942, while that act was in force, since the act expired on June 30, 1947. There is no merit in this contention. Section 1(b) of that act authorizes suits to be brought after its expiration date with respect to offenses committed or rights or liabilities incurred while it was in force. Fleming v. Mohawk Co., 1947, 331 U.S. 111, 119, 67 S.Ct. 1129, 91 L.Ed. 1375. And this has been held applicable to enforcement suits brought under the Housing and Rent Act of 1947 so as to authorize the entry of orders therein requiring restitution of rents illegally collected under the prior Emergency Price Control Act as well as under that act. Woods v. Richman, 9 Cir., 1949, 174 F.2d 614; Ebeling v. Woods, 8 Cir., 1949, 175 F.2d 242; Woods v. Wayne, 4 Cir., 1949, 177 F.2d 559. We are in accord with these decisions.

The judgment of the district court will be affirmed.