## WOODS v. KERN et al.

### No. 10133.

United States Court of Appeals
Third Circuit.

Motion Submitted Feb. 20, 1950.

Decided April 18, 1950.

Louise F. McCarthy, Washington, D. C., for appellant.

John W. Biehl, Reading, Pa., for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

PER CURIAM.

Tighe E. Woods, Housing Expediter, Office of the Housing Expediter, has moved for summary reversal of the judgment of the court below as being contrary to existing law and to a decision of this court. The motion was listed for Monday, February 20, 1950, notice having been duly given by Woods as required by Rule 30 of the rules of this court. No one appearing on behalf of the appellees, the Kerns, the case was submitted for decision by counsel for Woods.

The court below held that it was without jurisdiction to direct the Kerns to make restitution to their former tenants because the amount in controversy did not exceed the sum of $3,000, exclusive of interest and costs, relying on the decision in Fields v. Washington, 3 Cir., 173 F.2d 701. Actually the instant case is ruled by our decision in Woods v. Bomboy, 3 Cir., 179 F.2d 565, there being an express grant of jurisdiction to the court below by virtue of Section 1345, Title 28 United States Code Annotated. It would follow, therefore, that the court below had the power to direct that restitution be made to the former tenants of the Kerns and since the alleged lack of jurisdiction to do this formed the only basis for denial of the motion for sum-

mary judgment, such judgment may be entered upon remand.

 We note that the decree entered by the court below contains a provision in paragraph 2.b. which gives equitable relief of a much too sweeping nature. See point 4 in the opinion filed by Judge Goodrich in Woods v. Polis, 3 Cir., 180 F.2d 4, as amended by the order of March 21, 1950. Though the Kerns took no cross-appeal, nonetheless, since the decree must be reformed, we will direct the court below to strike out the offending paragraph.

The judgment of the court below will be vacated and the cause will be remanded with the direction to enter judgment in accordance with this opinion.