**BROOKS v. WOODS, Housing Expediter.**

No. 12281.

United States Court of Appeals
Ninth Circuit.

April 26, 1950.

---

2. In re Potts, 6 Cir., 142 F.2d 883, 888.
    Kalb v. Feuerstein, 308 U.S. 433, 438—440, 60 S.Ct. 343, 84 L.Ed. 370.

E. W. Miller and Elon G. Golusha, Los Angeles, Cal., for appellant.

Ed Dupree, General Counsel, OHE., Hugo V. Prucha, Asst., Isadore A. Honig, Sp. Lit. Atty., OHE., Washington, D. C., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

POPE, Circuit Judge.

This is an appeal from a judgment in a suit brought by the Housing Expediter, enjoining the appellant from demanding and receiving for certain housing accommodations rents in excess of the maximum rents permitted under the Housing and Rent Act of 1947, as amended. 50 U.S.C.A.Appendix, § 1881 et seq. The judgment also ordered a refund of excess rentals found to have been charged certain tenants.

Appellant asserts that the judgment should not have been granted because (1) an action for treble damages brought by one of the tenants against appellant was pending in the California state courts at the time this suit was instituted; (2) the tenants mentioned in the complaint had left the premises before the action was filed; (3) the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and the Housing and Rent Act of 1947, which the overcharges are alleged to have violated, had both expired prior to the suit, and that the court therefore lacked jurisdiction to grant relief either by way of injunction or restitution, (4) that the action was barred by the one year limitation provision of the Act, and (5) that the complaint failed to state a cause of action because of its uncertainty in that it states that relief is sought under the 1942 Act, "and/or" the 1947 Act, and that acts complained of were in violation of the 1942 Act "and/or" the 1947 Act.

Some of these points may not be urged here, for they were not a part of the record before the district court, and hence are not properly before us. The case was heard below upon the complaint and an answer which was in effect a general denial, and after trial and submission to the trial judge without a jury, findings were made and judgment entered on December 2, 1948. On Monday, December 13, 1948, appellant filed a "Notice of Motion for New Trial", upon grounds other than those specified upon this appeal. No reference was made to any newly discovered evidence, and no affidavits were served with this instrument, or referred to therein. The court treated this "Notice of Motion"

as a motion for a new trial and overruled it on March 14, 1949.

In the meantime, and on February 10, 1949, more than two months after the judgment was entered, appellant filed a "Motion to Dismiss" the action, accompanied by certified copies of minute entries of the Municipal Court of Los Angeles, and by affidavits of appellant and her attorneys. These papers set forth the matters mentioned in items (1) and (2) listed above, namely, the pendency of the suit in the State court, and the removal of the tenants from the premises. So far as the record shows, this was the first time either of these matters was sought to be called to the court's attention.

 The other action referred to was evidently one purely *in personam,* and its pendency would constitute no bar to a similar action in a federal court, Stanton et al. v. Embrey, administrator, 93 U.S. 548, 23 L.Ed. 983; Kline v. Burke Constr. Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. In any event, such an objection must be pleaded at least as early as the answer. In re Eilers Music House, 9 Cir., 274 F. 330, 335, Rules 8(c), 12(g, h), Federal Rules of Civil Procedure, 28 U.S. C.A. Furthermore, the issues in the two actions were not the same, Woods v. Richman, 9 Cir., 174 F.2d 614. So much of this appeal as is based upon the first two contentions listed above, which appellant attempted to inject into the record more than two months after the case had been tried and determined, is purely frivolous.

 As for the claimed defects in the complaint, since no portion of the testimony or proceedings at the trial was brought up, we cannot say that any initial defect was not cured at the trial. Rules of Civil Procedure, 15(b). The defects claimed are in our opinion not even sufficient to call for a more definite statement under Rule 12(e). No motion was made under that rule.

The remaining contentions were all decided adversely to appellant's present position in Woods v. Richman, supra. Appellant relies upon Woods v. Gochnour, D.C., 81 F.Supp. 457. Unfortunately for appellant, that decision was reversed in Woods v. Gochnour, 9 Cir., 177 F.2d 964, which followed the Richman case, supra.

 Appellant's brief attempts to argue the invalidity of the rent order here involved. No such matter is specified as error, as required by our rules, nor is it designated in the record as a point upon which appellant intends to rely. In any event, the validity of the order may not be challenged in this court. Woods v. Kaye, 9 Cir., 175 F.2d 886.

The judgment is affirmed.