## UNITED STATES v. VALENZUELA.
### Civ. No. 11398.

United States District Court
S. D. California, Central Division.

Jan. 11, 1951.

Abe I. Levy, Frank L. Hirst, Stephen D. Monahan, Asher Scheir, Benjamin Chap-

man, Richard G. Solof, Evelyn St. John, all of Los Angeles, Cal., and Fausta Kukuritis, San Francisco, Cal., for plaintiff.

William C. Ring, Los Angeles, Cal., for defendant.

JAMES M. CARTER, District Judge.

This action was commenced on April 6, 1950, by a complaint for treble damages, restitution and injunction. Valenzuela, one of the defendants, is a soldier in the armed forces of the United States, and heretofore the court granted a stay of trial in behalf of the defendant Valenzuela and continuance of the trial in behalf of his co-defendants, but denied a motion to dismiss.

The present motion to dismiss was filed after the City Council of Los Angeles ordered decontrol of rents in Los Angeles, and after the Housing Expediter, on December 20, 1950, issued his certificate for decontrol in the city of Los Angeles.

The defendant, Valenzuela, through his attorney, raises various constitutional questions, most of them heretofore passed upon by courts adversely to the defendant. He states, "That defendant, Gus P. Valenzuela, unless recently expired, is still fighting for plaintiff in its armed forces in Korea to protect the Constitution and the Government of the United States, whose Housing Expediter is prosecuting this unconstitutional action against him; that while defendant, Valenzuela is seeking to defend his Constitution and the Government from its foreign enemies, his co-defendants, with his approval, are hereby defending the same Constitution and Government from their enemies at home."

We do not find merit in the constitutional issues but since the complaint on file seeks three types of relief: (1) treble damages; (2) restitution and (3) injunction, the motion to dismiss presents questions under Sections 205 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, §§ 1881–1906, as to the effect of decontrol of rents in the Los Angeles area, on the three types of relief prayed for in the complaint in the action pending.

## I.

### The Claim for Restitution.

Moore v. U. S., 5 Cir., 182 F.2d 332,334, certiorari granted 340 U.S. 890, 71 S.Ct. 206, holds that restitution[1] is only an adjunct to an injunctive decree prohibiting future violation of the Housing and Rent Act, and cannot be used as a remedy after decontrol of rents.

But cases under the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq., held restitution proper, independently of injunctive relief. Woods v. Richman, 9 Cir., 174 F.2d 614, 616; Ebeling v. Woods, 8 Cir., 175 F.2d 242; Woods v. Wayne, 4 Cir., 177 F.2d 559; Woods v. Wolfe, 3 Cir., 182 F.2d 516.

The two latter cases Wayne and Wolfe, supra, also arose under the Housing and Rent Act of 1947, and are authorities under that act. So also is U. S. v. Mashburn, D. C.Ark., 85 F.Supp. 968.

One of the objectives of the restitution order is to prevent inflationary trends. This is an objective that outlives the termination of the act or decontrol of rents and is equally efficacious whenever the matter comes before the court.

In Woods v. Davis, 9 Cir., 185 F.2d 567, 569, the termination problem was not in issue, but the court said: " * * * The authority of the courts, under § 205(a) of the 1942 Act and § 206(b) of the Act of 1947, to order restitution of excess rentals is settled by Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, and by later decisions in this and other circuits. Consult Woods v. Richman, 9 Cir., 174 F.2d 614. The object of employing this equitable remedy is to check inflationary trends and to effectuate generally the policy of Congress. * * * "

It should also be noted that "rent control has continued to be a national policy". Woods v. Richman, 9 Cir., 174 F.2d 614 at 616, even though rents are decontrolled in local areas. By recent statute rent controls nationally (except where decontrolled) have been continued to March 31, 1951.

1. The Supreme Court has held restitution a proper remedy, Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

P.L. 880, 81st Congress, ch. 1139, 2nd Session, S.J.Res. 207, 50 U.S.C.A. Appendix, § 1894(f); 19 L.W. 131.

Restitution therefore is a means of preventing inflationary trends, and is a means of enforcement; both objectives tend to effectuate the policy of Congress.

A general savings clause for all statutes appears in 1 U.S.C.A. § 109, Act of July 30, 1947, c. 388, Sec. 1, 61 Stat. 633. U. S. v. Carter, 5 Cir., 171 F.2d 530 involved a complaint for restitution for overcharge to purchasers in violation of the Veterans' Emergency Housing Act of 1946, 60 Stat. 207, 50 U.S.C.A. Appendix, § 1821 et seq., and Priorities Regulation 33. The court applied the general savings statute and held that the remedy of restitution was preserved by the savings clause. Bowen v. U. S., 5 Cir., 171 F.2d 533, was a criminal prosecution for selling sugar ration stamps contrary to Ration Order No. 8. The court held, 171 F.2d at page 534, that although there was no savings clause in the Sugar Control Extension Act of 1947, 50 U.S.C.A. Appendix, § 981 et seq., that where the offenses were alleged to have been committed prior to the termination of that act, the general savings clause in 1 U.S.C.A. § 109 saved the remedy and permitted the prosecution to proceed. In U. S. v. McNair, 9 Cir., 180 F.2d 273, a suit in admiralty on a Seaman's War Risk Insurance policy pursuant to the Merchant Marine Act of 1936 as amended by the Act of June 29, 1940, 46 U.S.C.A. §§ 1128–1128(h), where the liability was incurred prior to the repeal of the act by the Joint Resolution of July 25, 1947, 61 Stat. 449, 450, the court held that the cause of action was saved by 1 U.S.C.A. § 29. The provision now appears in 1 U.S.C.A. § 109, together with additions thereto concerning the expiration of temporary statutes.

In Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 67 S.Ct. 1129, 91 L.Ed. 1375, Section 29 of Title 1 U.S. C.A. (now Section 109) is referred to in footnote 11 as supplementing the general savings clause in the Emergency Price Control Act of 1942 as amended.

Authority to enforce rights and liabilities after the termination of the Price Control Act was vested in the courts by the saving provision of Section 1(b) of that act, 50 U.S.C.A. Appendix, § 901(b). See Fleming v. Mohawk W. & Lumber Co., supra, 331 U.S. at page 119, 67 S.Ct. at page 1133, 91 L.Ed. 1375; Woods v. Hills, 334 U.S. 210, 68 S.Ct. 992, 92 L.Ed. 1322.

A similar saving provision is contained in Section 204(f) of the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1894 (f), which maintains in full force and effect after the termination of the act all of its provisions and all orders issued thereunder for the purpose of sustaining suits with respect to rights and liabilities accruing prior to the termination.

The savings clause in the Housing and Rent Act of 1947, was amended on June 23, 1950, Section 204(f) (4), Public Law 574, 81st Congress, ch. 354, 2nd session, approved 6–23–50. The Rent Control Extension passed in December 1950, P.L. 880, 81st Congress, ch. 1139, 2nd session, S.J.Res. 207; 19 L.W. 131, extended rent controls from 12–31–50 to March 31, 1951. It leaves the savings clause unaffected.

The remedy of restitution is preserved by the general savings clause in 1 U.S.C.A. § 109, Act of July 30, 1947, c. 388, Sec. 1, 61 Stat. 633, and the special savings clause in the Housing and Rent Act of 1947 as amended, Sec. 204(f) (4), Public Law 574, 81st Congress, c. 354, 2nd session, approved June 23, 1950.

The remedy for restitution is not limited by the one year statute of limitations, Sec. 205, Housing and Rent Act of 1947, as amended, which applies to treble damages.

Cases have so held under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 904(a), Woods v. Wayne, 4 Cir., 177 F.2d 559 and cases cited at 560; Jackson v. Woods, 5 Cir., 1950, 182 F.2d 338 and cases cited at page 340; Woods v. McCord, 9 Cir., 175 F.2d 919; Ebeling v. Woods, 8 Cir., 175 F.2d 242.

Cases considering the Housing and Rent Act of 1947 have so held. Woods v. Wayne, supra; Smith v. Woods, 5 Cir., 178 F.2d 467. In these cases the complaint was based on both the Price Control Act and the Housing and Rent Act of 1947.

See also Brooks v. Woods, 9 Cir., 181 F.2d 716, where the point is raised under the Rent act but disposed of summarily.

■ The similarity of wording of the Price Control Act of 1942 and the Housing and Rent Act of 1947 compel the conclusion that the interpretation given to one act applies to the other.

## II.

### The Claim for Injunction.

■ The complaint prays for an injunction in aid of the enforcement of the Housing and Rent Act of 1947 as amended. Since rents have been decontrolled, and since the injunction acts personally against the defendant it seems axiomatic that since the reason for this relief has ceased to exist the cause of action cannot be maintained. Moore v. U. S., 5 Cir., 182 F.2d 332 at 335 so holds.[2] See Woods v. Wolfe, 3 Cir., 182 F.2d 516, stating that an injunction may not be imposed on a defendant to punish him for past misconduct, but holding injunction, under the particular facts, proper for enforcement of the law. If showing was made that defendant owned rental property in areas still under rent control, then injunction would probably be proper.

## III.

### The Claim for Damages.

■ A claim for damages to the extent that is not barred by the one year statute of limitations in Sec. 205 of the House and Rent Act of 1947, as amended, and which accrued prior to December 20, 1950, the date of decontrol in Los Angeles, may still be maintained after decontrol. Moore v. U.S., 5 Cir., 182 F.2d 332, 334; certiorari granted 340 U.S. 890, 71 S.Ct. 206.

Certiorari was apparently granted not because of the holding above but because of a further holding in the case that restitution was only an adjunct to injunctive relief and was barred by decontrol. The Government brief on certiorari cites the conflict on this latter point between the Moore case and the cases from the 3rd, 4th, 8th and 9th circuits cited in point I of this opinion. What has been said under point I as to the survival of causes of action applies also to the remedy for damages.

## IV.

■ Reference will be made to only one of defendant's constitutional contentions. In his brief, the defendant states, "The 1947 House and Rent Act as amended and extended is and always was the incubator and hatchery of swarms of bureaucrats to be quartered as storm troopers upon the people in violation of Amendment III of the United States Constitution."

"This challenge" to quote from defendant's brief, "has not been heretofore made or adjudged by any court, insofar as our research discloses."

We accept counsel's statement as to the results of his research but find this challenge without merit.

The motion to dismiss is denied.

---

2. See U. S. v. Grubl, 9 Cir., 186 F.2d 470.