EMERY et al. v. UNITED STATES.

No. 12522.

United States Court of Appeals
Ninth Circuit.

Jan. 22, 1951.

The essential facts, briefly, are: The United States brought an action against the owners of two apartment house units alleging violation of Section 205(a) of the Emergency Price Act of 1942 as amended, 50 U.S.C.A.Appendix, § 925(a), and Sections 205 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1895, 1896.

The complaint filed originally sought an injunction, treble damages and restitution of the rent overcharge. The violations of the various rent control Acts were alleged to have occurred between January 7, 1945 and June 30, 1949. During this period four tenants were alleged to have paid a total of $1002.50 in excess rentals.

The plaintiff waived its request for injunction and for treble damages and the matter was submitted to the Court on a motion for judgment on the pleadings; this motion was granted by the Court below. Although an answer was filed setting up certain claimed legal defenses the answer did not put in issue or deny any of the facts alleged in the complaint. In entering judgment on the motion the Court rightfully said that the defense to the allegations set forth in the complaint, with the elimination of the injunction and treble damages features, did not constitute a valid defense.

The only relief granted was judgment for the overcharge. With the treble damage and injunction allegations eliminated we find no merit in the following alleged errors.

The appellant alleges that Section 204 of the Housing and Rent Act of 1949, 50 U.S.C.A.Appendix, § 1895, is unconstitutional. If the Government had continued its demand for treble damages this Court might have been obliged to consider the constitutionality of this section. Section 205(a) of the Emergency Price Control Act of 1942, as amended, and Section 206 of the Housing and Rent Act of 1947, as amended, allows the Government to collect overcharge in aid of its authority to enjoin violation of the rent control laws. Thus Section 204 of the Housing and Rent Act of 1949 need not be considered at all.

Daniel Dougherty, Los Angeles, Cal., for appellant.

Ed Dupree, Gen. Counsel, Office of Housing Expediter, Leon J. Libeu, Asst. Gen. Counsel, William A. Moran, Sp. Litigation Atty., and Nathan Siegel, Atty., O. H. E., all of Washington, D. C., for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge and CLARK, District Judge.

CLARK, District Judge.

This matter is here on appeal from judgment on the pleadings entered by the District Court.

Section 205(a) of the Emergency Price Control Act of 1942, as amended, and Section 206(b) of the Housing and Rent Act of 1947 are substantially the same. The Housing Expediter is given authority to apply to a Court of competent jurisdiction for an injunction, temporary injunction, restraining order, "or other order", when it is shown a person has engaged or is about to engage in practices that are in violation of the terms of the Act.

The term "or other order" has been broadly construed. The Supreme Court of the United States has construed this language and in Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, held that the Government had authority to collect restitution for past overcharges. This remedy was considered appropriate and necessary to enforce compliance with the Acts and a logical adjunct to an injunction decree.

The Courts have held that the remedy of restitution was available under both the 1942 Act and the 1947 Act. Woods v. Richman, 9 Cir., 174 F.2d 614; Woods v. Gochnour, 9 Cir., 177 F.2d 964. In Woods v. Richman, it was held that even though the 1942 Act as amended, terminated on June 30, 1947, nevertheless, prosecutions for violation of that Act could continue after that date. A savings clause preserved accrued rights and liabilities. It becomes apparent, then, that the Housing Expediter can prosecute this action for rent violations even though some of the overcharges were made prior to June 30, 1947. The right of the plaintiff to collect the excessive rental from the appellants for the period specified in this case cannot, in view of the precedents cited, be open to doubt.

In as much as the statutory authority for the Housing Expediter to collect these overcharges is Section 205(a) of the 1942 Act, as amended, and Section 206(b) of the 1947 rent control Act, the Court is not concerned about the retroactivity of Section 204 of the 1949 Act. Arguments of appellants based on this section are, consequently, without merit.

The judgment of the District Court decreed that the $1,002.50 be paid by the appellants to the treasurer of the United States. This money was to be disbursed by the United States Government to the renters who were the victims of the overcharges. This money is held by the Government in trust for these tenants. Payment by the Government would not be unlawful because it was not properly appropriated. An appropriation is not involved here. The tenants may or may not take advantage of their rights under such an arrangement where they are the beneficiaries of this constructive trust. Appellants' contention, then, that this would be an unlawful appropriation and a violation of Article I, Section 9 of the Constitution of the United States must also fall in view of the terms of the judgment of the District Court.

Likewise of no merit is the last objection made by the appellants. They contend that the attorneys appointed by the Housing Expediter had no authority to prosecute this suit for the Government. The Attorney General of the United States has the broad statutory authority to supervise all litigation to which the United States is a party and to direct all United States attorneys and those appointed under Section 503 of Title 28 U.S.C.A. in the discharge of their duties. Section 507(b), Title 28 U.S.C.A. There can be no doubt that authority created by statute can be modified by statute. Section 503 of Title 28 U.S.C.A. provides: "Appointment of attorneys. The Attorney General may appoint attorneys to assist United States attorneys when the public interest so requires." The authority for the Attorney General to grant to the office of the Housing Expediter power to represent the United States in actions arising under the Housing and Rent Act of 1947, as amended in 1949, is found in Section 206(e) of the Act, which reads in part: "(e) * * * attorneys appointed by the Housing Expediter may, under such authority as may be granted by the Attorney General, appear for and represent the United States in any case arising under this Act."

Pursuant to this authority, the Acting Attorney General, by an Order dated September 24, 1949, authorized attorneys to

appear for and represent the United States in any case arising under Sections 205 or 206 of the Housing and Rent Act of 1947, as amended. Appellants contend, apparently, that this executive order is void because it conflicts with the power and duty of the Attorney General to supervise all litigation to which the United States is a party as expressed in Section 507(b), Title 28 U.S. C.A. Section 206(e) of the Housing and Rent Act of 1947, as amended, to the extent it modifies statutory provisions regarding the conduct of litigation under the Act, is certainly controlling as the latest expression of legislative intent. There can be no doubt that the attorneys appointed by the Housing Expediter to prosecute violations of the Act had proper authority to act for the United States.

These attorneys were prosecuting violations of the 1942 Act, as amended, as well as conducting litigation under the 1947 Act, as amended. The Attorney General was not required to appoint attorneys under this Act, for Section 921(a), Title 50 Appendix, U.S.C.A., provides in part: "Attorneys appointed under this section may appear for and represent the Administrator in any case in any court."

The powers of the administrator under section 921 were transferred to the office of Temporary Controls and the powers of the latter office in respect to rent controls were transferred to the Housing Expediter.

It would appear, therefore, that under the last Act, the Attorney General was authorized to delegate authority, but under the earlier Acts the Administrator at first, and later the Housing Expediter was authorized to make a direct appointment of attorneys. The Supreme Court, in Case v. Bowles, 327 U.S. 92, 66 S.Ct. 438, 90 L.Ed. 552, held that the above quoted section empowered the Price Administrator to appoint attorneys in cases arising under the Act even though it was the usual rule for Federal Attorneys to prosecute most civil actions to which the United States was a party.

The judgment of the trial Court was a judgment on the pleadings. Thus there was not a trial. The authority from the Acting Attorney General that allowed the Housing Expediter to appoint his own attorneys was not given until after the litigation in the District Court had begun. However, this authority was given before the judgment was rendered by the lower court, and there is no showing of prejudice to the appellants if the attorney's authority is given a retroactive effect from the time the complaint was filed.

Judgment affirmed.