**EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 80-355

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 28, 1983

ROBERT L. KING, ESQ., St. Thomas, V.I., *for plaintiff*

MARCIA SHERMAN, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is presently before the Court on cross-motions for summary judgment. Fed. R. Civ. P. 56. At issue is the legality of Act Number 4449 enacted by the Legislature of the Virgin Islands on June 30, 1980, and approved by the Governor on July 9, 1980. 1980 V.I. Sess. L. 105. For the reasons which follow, the motion of plaintiff will be denied and the motion of defendant will be granted.

### I.

Plaintiff is a government corporation established by 3 V.I.C. ("Retirement of Personnel") to administer certain annuity and disability benefits on behalf of qualifying retired employees of the Government of the Virgin Islands (designated as "members" of the System), their dependents and beneficiaries. Under the terms of 3

V.I.C. § 715(a), the responsibility for the operation of the retirement system is vested in a board of trustees. The board is charged with the duty of investing and re-investing the reserves of the system under specific "conditions and limitations" set forth in § 717 of Title 3. In addition, the board is required to "adopt rules and regulations to govern its internal organization," id. § 715(b), and to "[p]rescribe the policies for the proper operation of the system and carry on any other reasonable activities which are deemed necessary to effectuate the intents and purposes of the system in accordance with the provisions of" the enabling statute. Id. § 715(b)(7). The board members are designated as trustees of the retirement system funds and the board is expressly made "separate and distinct from all other entities." Id. § 715(a).

The statute challenged herein was approved by the Legislature as an amendment to that section (717) which sets forth the various "conditions and limitations" under which the board may employ the retirement system trust funds.[1] Act Number 4449 sought to add another such "condition" by amending subsection (12)(a) of § 717 to read as follows:

> Chattel mortgages [to members of the system] shall be made for the purchase of new automobiles, new passenger-carrying trucks or vans, or other new passenger-carrying type vehicle[s].

In addition, the legislation added to subsection (12) a new subparagraph (f) which reads as follows:

> The Board shall not determine that members who are otherwise qualified to obtain a loan under this paragraph (12) are ineligible for a loan for the sole reason that the vehicle will be used, in whole or in part, as a taxicab.

By the present action, plaintiff[2] seeks a declaratory judgment that Act Number 4449 is an unlawful legislative intrusion into the fiduciary responsibilities of its board of trustees. Jurisdiction is premised on 5 V.I.C. §§ 1261–1272.

---

[1] Under the terms of § 717 the board is authorized to provide the following categories of low interest loans to qualifying members of the Retirement System: personal loans, home construction mortgage loans, and chattel mortgage loans for the purchase of new vehicles.

[2] Under the terms of 3 V.I.C. § 701(c), the Employees Retirement System of the Government of the Virgin Islands is granted the "powers and privileges of a corporation." The system may therefore sue and be sued in its own name.

541

## II.

■■■■ Those who seek judicial review of a duly enacted statute must of course overcome the strong presumption in its favor. The burden is thus placed squarely on the plaintiff to point to a particular provision of law which has purportedly been infringed or ignored by the enactment in question. See, e.g., City of New Orleans v. Dukes, 427 U.S. 297 (1976). In the absence of convincing evidence that the challenged statute controverts either a specific constitutional or statutory provision, it must stand. That the statute has brought about unwise or ill considered results affords no basis for a court to declare it invalid. Sunshine Anthracite Coal Company v. Adkins, 310 U.S. 381 (1940). "Nor can legislation be set aside . . . because . . . it has been sponsored and promoted by those who advantage from it." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 551 (1949).

Plaintiff here concedes that in enacting the challenged statute the Legislature did not encroach upon any specific prohibition contained in either the U.S. Constitution or the Revised Organic Act of the Virgin Islands. Instead it argues that the statute impermissibly restricts the discretion previously afforded the board under the terms of the enabling act.

■■■■ It is an elementary proposition that administrative bodies such as the Virgin Islands Employees Retirement System are in all respects creatures of statute. As such they have no general or common law authority but only that authority conferred upon them by legislation; therefore the "authority created by statute can [properly] be modified by statute." Emery v. United States, 186 F.2d 900, 902 (9th Cir. 1951).

■■■■ No individual, least of all the administrative entity ordained and established by statute, has a "vested right in an existing [statute] which precludes its change . . . nor any vested right in the omission to legislate on a particular subject." 16A Am. Jur. 2d Constitutional Law § 671 (1979). Thus the failure of the Legislature in the present case to have initially addressed a certain class of mortgages in the specific "conditions and limitations" set forth in § 717, did not necessarily preclude the subsequent inclusion of that class. Indeed, given the well recognized power of the legislative branch to assign new functions to an executive agency, Shields v. Utah Idaho Central Rail Co., 305 U.S. 177 (1938), to transfer previously assigned functions, Interstate Commerce Commission v. United States ex rel. Humboldt, 224 U.S. 474 (1912) or to abolish

542

outright an administrative entity or its programs, Chorpenning v. United States, 94 U.S. 397 (1877), it follows that a legislative body also has the authority to direct an agency to act (or to refrain from acting) by modifying the enabling statute under which it was initially created. See Mezines, Stein and Gruff, 1 Administrative Law § 3.02 (1982). So long as the statutory modification does not violate a specific constitutional provision as to its form, General Assembly of New Jersey v. Byrne, 448 A.2d 438 (N.J. 1982), or otherwise "prevents the Executive Branch from accomplishing its constitutionally assigned function," Nixon v. Administrator, General Services Administration, 433 U.S. 425, 443 (1977), it must be upheld.

### III.

Plaintiff would bolster its separation of powers argument by pointing to the independent trustee status expressly conferred on the board of the Retirement System and urging that the statutory amendments at issue impair the discretionary authority conferred upon a trustee under common law. This argument is without merit.

Firstly, although the enabling act was plainly intended to insulate the board of trustees from political pressures in the routine administration of Retirement System funds, it in no way precluded a prospective change in the types of loans set forth in § 717. The policy on loan eligibility initially established by the Legislature could plainly be altered or even repealed by the Legislature, subject of course, to the recognized limitations on legislative power embodied in the Revised Organic Act and in other provisions of Title 48 of the United States Code.

Secondly, to the extent that common law trust principles are material,[3] the statutory changes at issue did not constitute an unlawful interference with the designated fiduciaries inasmuch as the Legislature, in establishing the trust, retained an implied power to modify the trust terms in accordance with Restatement (Second) of Trusts § 331 (1959).

### IV.

Having found no material issues of fact in dispute in this matter and for all the foregoing reasons, the motion of defendant for summary judgment will be entered accordingly.

---

[3] The well settled rule in this regard is that nothing prevents a legislative body from altering or abolishing rights recognized by the common law "to attain a permissible legislative object." Silver v. Silver, 280 U.S. 117, 122 (1929).

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of plaintiff for summary judgment be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that the motion of defendant for summary judgment be, and the same is hereby, GRANTED.

## JUDGMENT

This cause came before the court on the motions of plaintiff and defendant for summary judgment, and the court having denied the motion of plaintiff,

IT IS ORDERED, ADJUDGED AND DECREED that Judgment be and the same is hereby entered for defendant in all respects, and the complaint herein be and the same is hereby dismissed, each party to bear its respective costs, including attorneys' fees.